## Stamper v. Hall, Sheriff, et al.

(Decided Oct. 12, 1937.)

W. C. ROBINSON for appellant.

A. T. STEWART, M. C. REDWINE and PREWITT & PREWITT for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

At an election held in Powell county on May 8, 1937, local option was carried by a vote of 1,190 to 219. On June 7th following, James Bloom brought an action in equity against the sheriff, the election commissioners, the county judge, and the county clerk of Powell county, to have the election declared void on account of certain irregularities, and to enjoin the taking of steps to put local option into effect. On June 14th the defendants filed a demurrer, and without waiving the demurrer filed an answer denying the allegations of the petition. On June 21st Burley Stamper appeared in open court and tendered and offered to file his petition to be made a party to the action. He alleged that he was a legal and qualified voter of Powell county, and was licensed to sell beer at his store in Bowen, in that county. He adopted as a part of the intervening petition all the allegations contained in the original petition, and asked .

that the election be declared illegal, and that all the acts done or attempted to be done under such invalid election be enjoined. On objection by the defendants the court declined to permit Stamper to be made a party. Thereupon Bloom, the original plaintiff, moved the court to dismiss the action. The motion was sustained, and the action was dismissed. Stamper excepted to the action of the court and was granted an appeal.

Section 2554c-13, Kentucky Statutes, providing for contests of local option elections, reads:

"Any qualified elector may demand a recount of the ballots or contest the election in the same manner as is now provided by law for the recount of ballots or contest of general elections of county officers, being Section one thousand five hundred ninety-six a-twelve (1596a-12) of Baldwin's Supplement to Kentucky Statutes of one thousand nine hundred thirty-three (1933). The members of the county election commission shall be named as contestees and process shall be served upon them. But any qualified elector may intervene by filing a petition to be made a party in the action, and he shall thereupon become a contestee."

Section 1596a-12, referred to in the foregoing section, contains the following:

"Such petition shall be filed and process issued within thirty days after the day of the election; and shall state the grounds of the contest relied on, and no other grounds shall afterwards be relied upon."

It will be observed that section 2554c-13, supra, authorizes "any qualified elector" to demand a recount of the ballots, or to contest the election. In taking this action the elector does not act on behalf of the county, its voters or taxpayers, or in any other representative capacity, but acts only for himself, and the case does not fall under any provision of the Code or general principle of law authorizing intervention. On the contrary, the contest of elections, as well as the procedure, rests entirely with the Legislature, and the right of intervention in such contests depends upon statutory authority. Such authority it is claimed is found in the closing language of section 2554c-13, supra, reading as follows:

"But any qualified elector may intervene by filing

a petition to be made a party in the action, and he shall thereupon become a contestee.''

In our opinion, it was never intended that one who desired to contest the election should be put in the position of one who desired to have the election sustained, and yet that is what would happen if a contestant should become a contestee. Indeed, there is no need of intervention in a pending contest by a contestant, for he may institute a separate contest within the required time if he desires to do so. The situation of a contestee is different. He can take part only in a pending contest. The purpose of giving him that right was to have the contest defended by others than county officers whose personal views and wishes might be at variance with the position they would be required to take. We are therefore constrained to hold that the statute does not give the right of intervention to one who wishes to contest the election. It follows that the court did not err in denying appellant the right to intervene.

Judgment affirmed.