## Bennett v. Cavanah et al.

Oct. 23, 1945.

656

Earle M. Nichols for appellant.

Fox & Gordon for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

At the Primary Election held on August 4, 1945, appellant, Oscar G. Bennett, and appellee Dallas C. Cavanah were opposing candidates for the Democratic nomination for membership on the Board of Council, representing Ward No. 3 in the City of Madisonville. Appellees, Morrow, Blue, and Ashmore, who compose the Board of Election Commissioners of Hopkins County, in which Madisonville is situate, certified the result of the election as follows: Cavanah, one hundred ninety-four (194) votes; Bennett, one hundred sixty-one (161) votes; majority in favor of Cavanah, thirty-three (33) votes. On the 15th day of August, 1945, appellant Bennett filed suit in the Hopkins Circuit Court, wherein he set up certain alleged grounds of contest in the first paragraph, and asked for a recount of the votes in the second paragraph. The petition was amended on the 16th day of August, 1945, wherein a correction in the name of an election officer was made, two names were added to the list of alleged illegal voters, and the Court was requested to permit the contestant to inspect the stub books which had been placed and locked within the ballot boxes. On the 7th day of September, 1945, thirty-three days after the Primary Election, a second amendment to the petition was tendered, and on the 10th day of September, 1945, was permitted to be filed. By this amendment, fifty-four (54) additionally named persons were alleged to have voted illegally in the election. Contestee objected to the filing of this amendment. On the recount, the majority in favor of contestee was increased from thirty-three (33) to thirty-six (36). The Court heard proof on the matters alleged in the petition and its two amendments; and, after deducting the votes of those persons whom he considered to have been established as illegal voters, rendered judgment in favor of the contestee, declaring his majority to be ten (10) votes. From that judgment contestant has prosecuted this appeal. During the pro-

ceedings, demurrers were filed to each of the paragraphs of the petition and amended petitions.

The amendment tendered September 7, 1945, enlarged the grounds of the contest by naming fifty-four (54) additional illegal voters. This amendment was offered too late to be considered by the Court, and the Court erred in permitting it to be filed. KRS 122.020. The Court in his opinion stated that he permitted the amendment to be filed after the statutory period for so doing had expired, because appellee had previously moved the Court to require appellant to make his petition more specific and certain. KRS 122.020, supra, among other things, states: ''No ground of contest by either party shall be filed or made more definite by amendment after the expiration of the time allowed by this section for filing the original pleading.''

This section of the Statutes is mandatory, and prohibits the filing of any amendment making the grounds of contest more definite, whether by agreement of the parties or not. It limits the jurisdiction of the Court to hear matters properly pleaded by the contestant within fifteen days from the day of the Primary Election, and matters properly set out by the contestee within ten days after service of summons on him.

The recount, about which no question has been made, shows appellee, who is the contestee, to have a majority of thirty-six (36) votes. The original petition and first amended petition, both of which were filed within the statutory period of time, named but twenty-five (25) voters which contestant alleged had cast their votes illegally. That being true, the allegations of the petition and first amended petition were insufficient to overcome the majority on this branch of the contest, even if appellant had been able to establish that each and every challenged vote was in fact cast by an illegal voter. That being true, the Court should have dismissed the petition after his recount, unless the petition properly alleged other grounds of contest, and which we will now consider.

It is first alleged that the election officers in Highland Precinct did not remain a distance of at least fifteen feet from the voting booths therein. The same allegation was made concerning the Armory Precinct. In the absence of allegations showing that a free, secret, and impartial

election was prevented by reason of this conduct of the election officers, this charge does not constitute a ground of contest. Feld v. Prewitt, 274 Ky. 306, 118 S. W. 2d 700.

It is next alleged that one of the registered and qualified Republican Electors in Highland Precinct was prevented from serving as such by contestee Cavanah, and that P. C. Lewis, who served in her place, was not a resident of, nor was he a dully qualified or registered voter in, the precinct. The petition fails to show what steps were taken by contestee to prevent the regularly appointed officer from serving; and the mere allegation that he did prevent her from serving was a conclusion on the part of the contestant. Although Mr. Lewis was not qualified to serve as an election officer in the precinct, since he did serve, he was a de facto officer; and, in the absence of an allegation showing prejudice to the contestant, this paragraph of the petition failed to state a ground of contest.

It is next alleged that Pauline Lutz was a duly appointed Republican Judge, and failed to serve; that Mrs. John Thomas served in her stead; and that Mrs. Thomas was not a resident of, or a qualified voter in, the precinct. What we have said in respect to Mr. Lewis applies also to Mrs. Thomas.

It is next alleged that many persons in Highland Precinct, exceeding in number the majority received by contestee, were permitted to vote illegally for contestee. The same allegations were made in respect to Armory Precinct and Mill Precinct. Contestant's failure to name the persons alleged to have voted illegally rendered the allegations of this paragraph insufficient to support a ground of contest. Hogg v. Caudill, 254 Ky. 409, 71 S. W. 2d 1020.

It is next alleged that the ballot boxes provided for use in Highland Precinct were not properly kept or guarded after having been delivered by the County Clerk to Highland Precinct; and that after the polls closed, the ballot boxes were not returned to the County Clerk by the election officers, as required by law, but were kept, transported, and delivered by "a person not an election officer therein." This paragraph of the petition fails to allege any fact showing that this irregular-

ity was prejudicial to appellant. It therefore did not state a ground for contest.

It is next alleged that the voting place in Highland Precinct was located in the home of contestee Cavanah; and that the latter, throughout the day, was constantly in and out of his residence, and was constantly electioneering within fifty feet of the polls. This complaint is answered adversely to the contention of contestant in Feld v. Prewitt, supra.

It is further alleged that the polls did not open in Armory Precinct until 7:15 o'clock a. m., whereas, by law, they were required to be opened at 6 a. m.; that many legal voters were disfranchised by the failure of the election officers to open the polls at the time provided by law. Contestant then concluded, "some, if not all of whom, would have cast their votes for the plaintiff (contestant)." Here again no names were given, and the allegations fail to state a ground for contest.

In another paragraph, contestant alleged that Keen Brown, one of the election officers in Armory Precinct, "for an hour or two after said polls opened, took from each voter therein after he or she had marked or voted his or her ballot, such ballot and opened and looked at the same before depositing it in the ballot box, and thus violated the secrecy of such ballots in such manner as to render them void and illegal. Most of the ballots whose secrecy was thus violated, were cast for the defendant (contestee)." Since the names of the voters and the candidates for whom they voted were not set out, this paragraph of the petition was insufficient.

Since the votes properly challenged in the petition were less in number than the majority received by appellee, and no other ground of contest was alleged, the Court, after the recount, properly sustained a demurrer to the petition.

The judgment is affirmed.