## Reed v. Conway et al.

September 23, 1949.

Francis M. Burke for appellant.

V. R. Bentley, K. D. Keesee and J. Erwin Sanders for appellees.

JUDGE CAMMACK—Affirming.

In the primary election for sheriff of Pike County in the August 6 election, Roy Conway received 4,232 votes, Moss Keesee received 3,717 votes, and L. D. Reed, 2,150. On August 15, Keesee filed a contest suit against Conway on the grounds that he had violated the provisions of KRS 123.050 by (1) spending in excess of $1,000 to secure his nomination, and (2) by corrupting and bribing voters to vote for him. In due time Conway filed an answer and counter-contest against Keesee. On August 20, within the 15 days allowed by KRS 122.020 for contesting the results of a primary election, Reed filed an intervening petition and asked that he be made a party to the action.

In his intervening petition Reed set forth that he had not violated the Corrupt Practice Act, and that if it was found that Keesee and Conway had violated the provisions of that Act and were held to be disqualified, then he was entitled to be declared the nominee of the Democratic Party for sheriff of Pike County under KRS 122.010. No grounds of contest were set forth in Reed's intervening petition, and no summonses were issued thereon until after the fifteen day period allowed for the filing of a contest had expired. After the expiration of the fifteen day period, various steps were taken in the case as between Conway and Reed. On August 29, Keesee dismissed his petition against Conway and withdrew all the allegations therein. This order was entered and approved by the trial court. On the same day Conway withdrew his grounds of counter-contest against Keesee and also those against the intervening petitioner Reed. Reed's phase of the case was finally disposed of when the trial judge sustained Conway's special demurrer to his intervening petition.

It is expressly provided in KRS 122.020 that the petition in a contest suit must be filed within 15 days

from the date of the primary election. It is further provided that the petition must state the specified grounds relied upon for the contest and that a summons must be issued thereon, returnable in 10 days. As said in the case of Dixon v. Maddox, 311 Ky. 28, 223 S. W. 2d 178, questions such as the one here presented are jurisdictional. No summons was issued upon Reed's intervening petition within the time prescribed, nor were any grounds of contest stated therein. There could be no question of filing an amended petition explanatory of the grounds of contest because there were none stated at the outset.

It follows from what has been said that Reed was in no position to assert any rights which he might have had under KRS 122.010 had the contest proceeding between Keesee and Conway proceeded to a final determination wherein it was found that both of those parties had violated the Corrupt Practice Act. The pertinent part of this section follows:

"In the case of primary elections, if any candidate who is a party to the contest proceedings has not violated the provisions of KRS 123.010 or of KRS 123.030 to 123.110, and all candidates who received more votes than he did are also parties and are found to have violated those provisions, such candidate shall be declared nominated."

To have availed himself of the right given him by the statute in question, Reed would have had to take the necessary steps to make him a bona fide party to the action. As we have noted, this he failed to do.

It is charged by counsel for Reed that Conway paid Keesee $2,000 to get him to dismiss his contest suit. Be this as it may, the question is not one which addresses itself to an ordinary contest proceeding, but rather to KRS 122.210. Upon such a happening as that charged by counsel for Reed, KRS 122.210 provides:

"Any qualified voter may maintain an action to enjoin the printing of the name of a person upon the official ballots for any primary or general election, on the ground that such person has violated this section, and in such action the violation may be proved by parol evidence."

For the reasons given we think the judgment should be and it is affirmed.