# Dixon v. Maddox et al.

September 23, 1949.

Cleon K. Calvert for appellant.

Robert J. Watson and Hiram H. Owens for appellees.

JUDGE CAMMACK—Affirming.

Judge Robert L. Maddox received the Republican and the Democratic nominations for Circuit Judge in the 41st judicial district at the primary election held August 6. This district is composed of the counties of Bell and Leslie. On the fifteenth day following the primary, Mr. Bill Dixon, who opposed Judge Maddox in the Republican primary, filed a petition in the Bell Circuit Court asking for a recount of the votes cast in the Republican primary in Bell County. Judge Maddox was the only party named as a defendant in that action. On August 24, which was more than fifteen days after the primary, Judge Maddox filed a special demurrer to the petition on the ground that there was a jurisdictional defect of the parties in that the members of the Bell County Election Commission were not made parties defendant. Subsequently Mr. Dixon tendered an amended petition wherein he sought to make the members of the Bell County Election Commission parties defendant.

When the special demurrer came up for consideration, Mr. Dixon withdrew the tendered amended petition and tendered a second amended petition wherein he sought to make the members of the State Election Commission parties defendant.

This appeal is prosecuted from an order wherein the Court refused to permit the second amended petition to be filed, and wherein he sustained the special demurrer to the petition.

It is Mr. Dixon's position that the members of the State Election Commission were necessary parties to the action and that the court erred in refusing to permit him to file the second amended petition. On the other hand, Judge Maddox contends that the members of the Bell County Election Commission rather than the members of the State Board were necessary parties to the action, and further, since the question is one of jurisdiction, the court properly refused to permit an amended petition to be filed because the necessary parties were not made defendants within the time prescribed by law.

KRS 122.060 prescribes the manner in which a recount of the votes cast in a primary election shall be conducted. Among other things, this section provides that the petition for a recount shall be filed within fifteen days after the day of the primary election, and that the election commissioners, whose duty it is to issue certificates, shall be made parties defendant. A recount of votes may be had in an election contest, but the statute under consideration gives a candidate the right to a speedy method of a recount of the votes where only the number of votes is in dispute or where it is deemed advisable to have that question settled before proceeding with other phases of an election contest. Not infrequently this Court has been called upon to pass on a recount question preliminary to the hearing in a lower court of other contest questions raised in an election.

It is quite obvious from only a casual reading of KRS 122.060 that the time provisions relating to a recount proceeding are of vital importance. Furthermore, as was said in the case of Stafford v. Bailey, 282 Ky. 525, 138 S. W. 2d 998, election contests are in the nature of summary proceedings and prescribed requirements are considered conditions precedent and cannot be dispensed with by the parties or a court.

We think the trial judge disposed of the case properly. Not only is the proceeding a summary one, but it also embodies some of the elements of a proceeding in rem. Before the trial judge could conduct a recount of the votes which had already been counted by the Bell County Election Commission, he had to get them under his jurisdiction and actually under his physical control. For a period of fifteen days after the primary the members of the County Election Commission had in their possession the keys to the ballot boxes. Once a recount is completed, the only parties to whom a judge could direct the execution of an order relative to the number of votes cast in the election would be the members of the County Election Commission. These officers are required to issue certain certificates which unquestionably are those referred to in KRS 122.060. The members of the County Election Commission were not made parties to the action as prescribed by KRS 122.060. And, as we have noted, the second amended petition withdrew the request to have those officers made parties to the action and sought to have made parties in their stead the members of the State Election Commission.

We think, however, that the crucial point in this case is that the necessary parties were not brought into the action within the time prescribed by KRS 122.060. Only Judge Maddox was made a party to the action within the fifteen day period. He had no control over the ballots or the ballot boxes, and, while he was interested in the outcome of the recount, his presence in court could not give the trial judge jurisdiction of the subject matter of the recount, namely the ballots. Under the circumstances, we think the judgment of the lower court was correct.

Judgment affirmed.