**J. B. VEECH, Appellant,**

v.

**D. C. CASEY, Jr., Appellee.**

Court of Appeals of Kentucky.

Aug. 12, 1957.

Rehearing Denied Oct. 11, 1957.

Taylor & Pike, Shepherdsville, for appellant.

Gladys Williams, Taylorsville, J. Wirt Turner, Jr., New Castle, for appellee.

STANLEY, Commissioner.

The appeal presents the question of whether the trial court properly dismissed an amended petition of contest of an election because it was not filed within the period of limitations prescribed by the statute.

At the primary election held May 28, 1957, J. B. Veech and D. C. Casey, Jr., were opposing candidates for the Democratic nomination for representative from the Thirty-third Legislative District, which is composed of Bullitt and Spencer Counties. On June 5 (eight days after the election) Veech petitioned the court to re-count the ballots cast in that race in Bullitt County. On June 7 Casey responded with a pleading consisting of (1) a motion to dismiss the petition, (2) an answer protesting the re-count, (3) a cross-petition for recount of the ballots cast in Spencer County, and (4) a petition of contest in which it was charged that a certain election officer in Spencer County had violated KRS 118.-330(2) by electioneering at the polls for Veech and thereby prevented a fair election in that precinct so that the ballots in that precinct should not be counted. On June 11 Veech amended his petition for recount so as to include Spencer as well as Bullitt County. On the same day Veech filed an "Answer to petition of contest" which consisted of a general traverse and allegations of misconduct of certain election officers in two precincts of Spencer County by having electioneered at the polls for Casey. It charged this misconduct invalidated the ballots and they should not be counted. These pleadings were filed on the fourteenth day following the day of the election. On the fifteenth day Casey filed a pleading which consisted of (1) a motion to dismiss Veech's "Answer to the petition of contest" because the paragraph thereof which set up a countercontest did not state a good cause of action, (2) a reply consisting of a traverse, and (3) an "Amended cross-petition for contest" in which were alleged irregularities in relation to the ballots in certain precincts and the absentee ballots. On June 13—which was sixteen days after the election—Veech tendered an "Amended answer to petition of contest" but which was in fact an amended petition of his own contest, which had been filed

on June 11. This tendered amendment set forth the ground that Casey had violated the provisions of KRS 123.060 by failing to file a statement of contributions and expenditures prior to the day of the election. Casey objected to this pleading being filed upon the ground that it was not within the statutory limitations for filing a contest or amendments. The court sustained the objection and also dismissed Veech's "Answer to petition of contest" which had been filed on the fifteenth day. Without objection, the court also dismissed Casey's "petition of contest." A joint motion to dismiss the respective requests for recount of the ballots cast in Spencer was sustained.

The court counted the ballots cast in Bullitt County, and a difference of one vote was revealed, and this did not change the result. It was adjudged that Casey had received 2,502 and Veech had received 2,457 votes in the district and thereby Casey was adjudged to be the nominee.

Veech complains on the appeal that the court erred in refusing him the right to file his "Amended answer to petition of contest," which was, notwithstanding its caption or style, an amended contest petition. The statute provides that a contest of a primary election must be filed in the circuit court "within fifteen days from the day of the primary election, stating the specific grounds relied upon for the contest." KRS 122.020. The statute further provides that a contestee may within ten days after service of summons file an answer specifically setting up any grounds of contest he may have against the contestant; also, that a party to a recount proceeding within the time stipulated for a contest may file grounds of contest therein. The same section provides "no ground of contest by either party shall be filed or made more definite by amendment after the expiration of the time allowed by this section for filing the original pleading." KRS 122.020.

It will readily be seen that Veech's so-called amended contest was filed one day too late. But Veech contends that the time was extended by the fact that he was the defendant in Casey's petition for a recount and contest based upon irregularities in one precinct and thereby was entitled to amend his contest petition. The provision of the statute relied upon by the appellant is that part of KRS 122.020 which gives a contestee ten days after summons to file his answer and "grounds of contest in favor of the contestee and against the contestant, but the grounds must be specifically set out."

It seems to us that properly construed the several pleadings of both parties, up to Veech's amendment on June 13, although called "contest" and "countercontest," were only attempts to have the court reject the described ballots in the course of recounting all of them. Certainly that is true of Casey's response to Veech's petition for a recount, for he was the successful candidate and it would have been an anomaly indeed for him to have intended to contest his own election.

The appellant relies upon Austin v. Anderson, 279 Ky. 742, 132 S.W.2d 56. In that case Austin was the successful candidate on the face of the original returns and Anderson sought a recount. The recount revealed that Anderson had won the election. Thereupon, Austin filed an amended pleading in the recount proceeding which he made a contest of Anderson's election. This was within the period of fifteen days stipulated in the statute. The circuit court had regarded the petition for recount as the equivalent to a contest. That had been previously adjudicated, so he held it was too late for Austin to file a contest. In reversing the judgment, we found it unnecessary to say whether or not the petition for recount should be classified as being strictly a contest or strictly a request for a recount or both so as to have brought Austin's contest within the period of ten days after service of summons upon him in the recount proceeding. We thought Austin's petition should be regarded as an original contest and it had been filed within fifteen days of the election. It will be noted that,

unlike the case at bar, the recount in the Austin case had been concluded and that revealed he was the loser of the election instead of the winner. In reversing the judgment, we held it to be fair to allow Anderson an opportunity to answer and set up a countercontest if he desired, although the time had long passed, because the trial court's error had deprived him of the right or rendered it unnecessary for him to do so.

It seems to us it should not be held that Casey, the successful candidate, had contested the election even though in his response to the petition for recount in part of the district he had included allegations of irregularities which he contended required the court to reject those ballots. We cannot hold that by reason of such allegations Casey had extended the period in which his unsuccessful adversary could amend his contest petition, which he had timely filed, and set up in the amendment a new and entirely different ground of contest which was then barred by the statute. The statute in this respect is mandatory. Salyer v. Gross, 253 Ky. 296, 69 S.W.2d 376; Bennett v. Cavanah, 300 Ky. 655, 190 S.W.2d 17.

The judgment is affirmed.