**Noble J. GREGORY, Appellant,**

v.

**Frank A. STUBBLEFIELD, Appellee.**

Court of Appeals of Kentucky.

Oct. 3, 1958.

Martin, Neely & Reed, Mayfield, Joseph J. Grace, Paducah, A. G. Rhea, Russellville, for appellant.

Wells Overbey, Murray, H. H. Lovett, Benton, Samuel S. Boaz, Paducah, William E. Scent, Louisville, for appellee.

MONTGOMERY, Judge.

Noble J. Gregory is contesting the result of a primary election in which Frank A. Stubblefield was successful. The trial court dismissed Gregory's petition for failure to state a claim on which relief could have been granted.

The parties were the two contending candidates for the Democratic nomination for Representative to the Congress of the United States from the First Congressional District of Kentucky, composed of seventeen counties. The primary election was held on May 27, 1958. The asserted claim for relief is based on Sections III and IV of the petition.

Section III follows:

"Plaintiff further states that in every precinct in Logan County the name of more than twenty per cent of the persons whose names appear on the signature books of each precinct did not cast a ballot in those precincts but that a ballot was cast for each of those persons through fraud by someone for the defendant Frank A. Stubblefield, to the detriment and prejudice of this plaintiff; that the plaintiff has been prevented from obtaining the names of said persons, as is more particularly set forth in paragraph IV hereof; and had these votes not been illegally cast the petitioner would have been the successful candidate in the said primary election."

It is alleged in Section IV that in the absence of a court order the custodian of registration records and the comparative signature books in Logan County had refused appellant access thereto for appellant's purpose of ascertaining the names of the illegal voters. The bases of the trial court's ruling were that the names of the alleged illegal voters had not been pleaded within the time allowed and circumstances had not been pleaded constituting such fraud that the elective effect of the vote in Logan County could not be determined.

The contest of a primary election is a statutory proceeding. KRS 122.020. The statute must be strictly observed to give the court jurisdiction. Brock v. Saylor, 300 Ky. 471, 189 S.W.2d 688. The Legislature has authority to prescribe by whom and under what conditions a contest may be maintained. KRS 122.010; Kash v. Smith, 250 Ky. 490, 63 S.W.2d 617; Gross v. Ball, 258 Ky. 730, 81 S.W.2d 409; Gallagher v. Campbell, 267 Ky. 370, 102 S.W. 2d 340; Stamper v. Hall, 270 Ky. 164, 109

S.W.2d 386; Stafford v. Bailey, 282 Ky. 525, 138 S.W.2d 998; Dixon v. Maddox, 311 Ky. 28, 223 S.W.2d 178; Payne v. Blanton, 312 Ky. 636, 229 S.W.2d 438.

■ Such contest must, of necessity, be disposed of expeditiously. This requires strict construction of the rule concerning pleading so that the contestee may have notice concerning everything that he may be expected to answer in order to allow him an opportunity to prepare his case and to present it within the given time. The burden of proof is on the contestant. The presumption is in favor of the regularity of elections and returns. Napier v. Cornett, 68 S.W. 1076, 24 Ky.Law Rep. 576, Gross v. West, Ky., 283 S.W.2d 358.

There are three broad bases for contesting a primary election: (1) irregularities in the conduct of the primary and ineligibility of the voters; (2) fraud, intimidation, bribery, and violence, KRS 122.030; and (3) corrupt practices, KRS 123.010–990. The "specific grounds relied upon" for the contest must be set forth in the petition. KRS 122.020. The statute makes no distinction as to the basis upon which the contest is made in requiring that the specific ground shall be pleaded.

The statute is definite in fixing the time within which and the grounds upon which the contest may be had. KRS 122.020 provides:

"* * * by filing a petition * * * within fifteen days from the day of the primary election, stating the specific grounds relied upon for the contest. * * * No ground of contest by either party shall be filed or made more definite by amendment after the expiration of the time allowed by this section for filing the original pleading. * * *"

■ This section of the statute is mandatory and prohibits the filing of any amendment making the grounds of contest more definite, whether by agreement of the parties or not. The jurisdiction of the court is limited to hearing matters properly pleaded by the parties within the periods of time prescribed by the statute. Bennett v. Cavanah, 300 Ky. 655, 190 S.W.2d 17; Veech v. Casey, Ky., 305 S.W.2d 268.

■ Appellant filed his petition for contest on the fifteenth day after the primary election, which was the last day it could have been filed. The pleading is clearly defective under the rule of long standing, which requires the pleader to name in his pleadings those persons whose votes are questioned where the casting of ineligible or illegal votes constitutes a ground of contest. Hodges v. Hodges, Ky., 314 S.W.2d 208, and cases cited therein.

■ Appellant seeks to excuse his failure by saying that the custodian of the records refused to make them available within the fifteen-day period. During that time, the parties to this appeal were participating in a recount of the votes involved, but no effort was alleged to have been made by appellant to obtain access to the desired records through the court's aid. By waiting until the last day possible for filing the contest action, appellant conceivably may have waited too long for any court, as a practical matter, to have made the records available. The contest was filed in Calloway County and involved records in Logan County. The appellant, by reason of his lack of diligence, is not entitled to have the mandatory provision of the statute nullified. Brock v. Williams, 260 Ky. 569, 86 S.W.2d 324.

■ It is further contended by appellant that the mandatory time limitation should no longer apply because the primary election date had been changed. The 1956 General Assembly changed the date for holding primary elections from the first Saturday in August to the first Tuesday after the fourth Monday in May of each year. KRS 119.040. It is argued that

there is less urgency in determining a primary election contest now since there is a greater time interval between the primary and general election. It was within the province and power of the 1956 General Assembly to have changed the time limit in KRS 122.020 at the time it changed the primary election date. This it did not do. It is not the function and is not within the power of the Court to encroach upon this legislative prerogative. The change sought must come from the Legislature.

The so-called "twenty per cent rule" is sought to be invoked by appellant to avoid the rule requiring the names of the illegal or ineligible voters to be pleaded. This rule seems to have had its genesis in Harrison v. Stroud, 129 Ky. 193, 110 S.W. 828, 830, wherein it was held that "about 80 per cent. of the voters observed the required course of voting, while the officers of election suffered about 20 per cent., far more than enough to have changed the result either way, to ignore the constitutional and statutory requirements, and to that extent conduct the election in open violation of the law." In its origin, the rule appears to have been nothing other than a figure descriptive of the votes which were improperly cast or counted in that particular case. The important part of the holding was whether the illegal votes were sufficient to change the result of the election. Unfortunately, the "twenty per cent" seems to have been accorded a greater dignity than originally merited, and appellant seeks to dignify it further by pleading it.

Appellant relies on Smith v. Jones, 221 Ky. 546, 299 S.W. 170, to justify the use of the "twenty per cent rule" in his pleading. In that case, both contestant and contestee had alleged and offered proof that named voters had voted illegally. The Court held that the proof showed that more than twenty per cent of the total vote had been illegally cast and that it was impossible to determine the result of the legal votes between contending candidates. The controlling factor is that it is impossible to tell for whom the twenty per cent or more of the illegal votes was cast, and by reason thereof the entire precinct or voting unit should be disregarded. Land v. Land, 244 Ky. 126, 50 S.W.2d 518; Johnson v. Caddell, 251 Ky. 14, 64 S.W.2d 441; Gross v. Ball, 258 Ky. 730, 81 S.W.2d 409.

By his pleading, appellant charges that votes were cast illegally for appellee in the names of certain persons. The Smith case, relied on by appellant, is not authority for excusing the failure to allege names, as the names were alleged in the Smith case. It is to be noted that appellant's allegation is concerned only with a percentage of the votes cast. It has been held that when every vote cast in the precinct is claimed to be illegal, the names of the alleged illegal voters must still be pleaded. Brock v. Williams, 260 Ky. 569, 86 S.W.2d 324; Jackson v. Bolt, 292 Ky. 503, 166 S.W.2d 831. Under the rule in the Land, Johnson, and Gross cases, the trial court correctly held that the pleading was defective for failure to allege that it was impossible to tell for whom the twenty per cent or more of the illegal votes was cast.

The allegation of fraud, which is in the nature of a conclusion, is not sufficient to relieve appellant of the necessity of pleading specifically the details of the fraud. In Taylor v. Neutzel, 220 Ky. 510, 295 S.W. 873, relied on by appellant, the details relating to the formation and execution of the conspiracy to procure the election of certain persons by fraud, intimidation, and violence were set out at length in the petition.

The brief and oral argument on behalf of appellant presented matter which is not in the record and has not been considered.

Judgment affirmed.

SIMS, J., not sitting.