June McINTOSH, Appellant,

v.

Eddie HELTON, J.D. Evans, John Hughes, Jim Razor and John Bradley, Appellees.

No. 91–SC–268–DG.

Supreme Court of Kentucky.

April 9, 1992.

Angela A. Patrick, Mt. Sterling, for appellant.

Kimberly Hunt Price, Rosenbaum & Rosenbaum, Lexington, Paula Richardson Hughes, Owingsville, for appellees.

REYNOLDS, Justice.

A petition was filed in Bath Circuit Court to contest the November 7, 1989, general election of the County Road Commissioner for District No. 3 of Bath County. Judgment was entered upon cross-motions for summary judgment in favor of petitioner, June McIntosh. The Court of Appeals reversed the circuit court judgment and we affirm.

Eddie Helton, as a candidate for the office of Bath County Road Commissioner, District 3, placed second for the office in the May 1989 Democratic primary. Subsequently, the winner resigned the Democratic nomination and whereupon the county Democratic Party Executive Committee selected appellant, June McIntosh, as the Democratic candidate for the November election. Appellant, who had not been a candidate in the May primary, was to run unopposed as no candidate was offered by the Republican Party.

Helton began an active and publicized write-in campaign pursuant to KRS 117.-265(1) which included personal, newspaper and radio advertisements. Throughout the campaign he was the only write-in candidate for the office of County Road Commissioner for District No. 3 of Bath County.

The Bath County Board of Election Commissioners, at its public meeting of October 31, 1989, approved, by motion, that the initials "E.H." as a vote would be counted for Eddie Helton and, in addition, the use of initials for a write-in candidate for the office of county clerk would be counted. This record, consisting of the pleadings, exhibits and the memorandum referenced by the trial court, provides no basis for the Election Commissioners' reasoning/decision to approve, prior to the election, the use of the write-in candidates' initials.

At the November election, McIntosh received 934 machine votes and Helton, who was declared the official winner of the office, received a total of 1,029 write-in votes, of which 148 were cast using Helton's initials "E.H."

McIntosh contested the election and alleged specifically that had not the Election Committee counted the initialed votes that she would have been elected as County Road Commissioner. She argues that the Commission failed to comply with KRS 117.265(1), which provision in November 1989 provided:

117.265. WRITE–IN VOTES.—(1) A voter may, at any general or special election, cast a write-in vote for any person whose name does not appear upon the ballot label as a candidate, *by writing the name of his choice upon the appropriate device for the office being voted on provided on the voting machine as required by KRS 117.125.* Any voter utilizing a special ballot may write in a vote for any person whose name does not appear upon the ballot, by writing the name of his choice under the office. (Emphasis added.)

McIntosh states that the use of initials as votes for a write-in candidate is inherently ambiguous for identification and, therefore, not properly countable. She further states that the legislature, by KRS 117.265(1), mandates the use of the name and that initials are not, therefore, within the meaning of the statute.

There is, in this case, only one person (Eddie Helton) who has personally and publicly, by newspaper and radio, campaigned as a write-in candidate for the office of Bath County Road Commissioner for District No. 3. The Election Commission approved, both before the election and at the compilation/recount of votes, the use of the candidates initials. Initials thus substituted for a name have been designated as an individual and, with such an understanding of the rule adopted by the Commission, they admitted the initials "E.H." to represent Eddie Helton. Appellant questions "Why?" and the answer herein is because, by common consent, the Commissioners have admitted the initials to represent the appellee's name. It is not because the appellee's name is "E.H.," but because, for the explicit purpose in the Bath County community, "E.H." is admitted to represent Eddie Helton. This Election Commission then did not confine itself to a name written or printed in full length, but took an abbreviation or initials. The answer to be given when the Act states the ballot shall contain the name is best answered—because the abbreviation/initials are evidence of the intent of the voter.

Section 6 of the Kentucky Constitution guarantees that "all elections shall be free and equal." Within the constitutional provision, emphasis may be laid upon the right of voters to select a candidate and have the unrestricted right to vote for any eligible person he may choose to vote for by writing that person's name upon the ballot in the blank space provided for that purpose. A candidate is not ineligible to hold office by reason of the fact that his name is not printed upon the ballot, even though the person voted for was the defeated candidate for a party nomination at the primary. The right to thus vote and be voted for is a constitutional right. *Asher v. Arnett*, 280 Ky. 347, 132 S.W.2d 772 (1939).

Several rules pertaining to election contests have been firmly established. There is the principle that all elections are presumed valid. *Gregory v. Stubblefield*, Ky., 316 S.W.2d 689 (1958) (overruled on other grounds by *Upton v. Knuckles*, Ky., 470 S.W.2d 822 [1971]).

Secondly is the well-established principle that the intent of the voter in casting his ballot is of controlling importance. *See* 29 C.J.S. *Elections* § 180, at 517 (1965). In *Thompson v. Boling*, 240 Ky. 340, 42 S.W.2d 321 (1931), the Court stated:

It is not enough that some possibility defeating the evident purpose of the voter can be conjectured. The rule requires only reasonable probability, and that which is probably intended cannot be said to be impossible of ascertainment.

The Court further stated:

It is a general rule that when it is clear that the voter has made an honest effort to conform to the directions of the statute as to the manner of voting, although with imperfect results, the ballot should be counted if the intention of the voter can be effectuated. In this state the undeviating practice has been to search out the purpose of the voter, and if he has manifested his intention by his ballot, it will be given effect.

A final well-established principle is that mere irregularities on the part of election officials cannot be used to disenfranchise voters. *See Hodges v. Hodges*, Ky., 314 S.W.2d 208 (1958); *Bradley v. Chaffins*, 309 Ky. 764, 218 S.W.2d 975 (1949); and *Hendrickson v. Coign*, 304 Ky. 383, 200 S.W.2d 905 (1947).

McIntosh has made a determination that *Dupin v. Sullivan*, Ky., 355 S.W.2d 676 (1962), is dispositive of the issue. Therein, where the candidate's last name, cast as a write-in ballot, was acceptable, it is therefore argued that the obvious implication is that initials are unacceptable. However, stated otherwise, if a candidate's last name alone is sufficient, an obvious implication/inference would hold that initials were acceptable.

Over 13% of the voters casting ballots for Helton utilized the "initialed vote." This factor, considering the closeness of the vote, is a substantial one. Where, as here, a substantial number of legal voters may, *for any cause*, effectively be denied the right to vote, the election is not free and equal in the meaning of the constitution.

McIntosh has neither pled nor proved fraud or a lack of good faith action of the election officials nor does there appear to have been a protest raised concerning the motion and action of the Committee authorizing the use of initials. If the use of initials were considered an "irregularity," it cannot be said that a free and equal election did not occur and, herein, it can be determined with reasonable certainty who has received a majority of votes notwithstanding the "irregularity." *Stabile v. Osborne*, 309 Ky. 427, 217 S.W.2d 980 (1949). McIntosh argues ambiguity, but demonstrates none.

While we do not in any way encourage or condone the action of the Bath County officials, the Court should not, because of a deviation, disenfranchise the voters who have acted in good faith. Such being the case, all the initial marked ballots may be counted as legal and "E.H.," otherwise known as Eddie Helton, was therefore properly adjudged the winner of the election. *Bradley v. Chaffins, supra.*

The opinion of the Court of Appeals is affirmed.

LAMBERT, LEIBSON and SPAIN, JJ., concur.

WINTERSHEIMER, J., concurs in result only.

STEPHENS, C.J., dissents by separate opinion, in which COMBS, J., joins.

STEPHENS, Chief Justice, dissenting.

I respectfully dissent.

Many years ago, William Shakespeare propounded the eternal question, "What's in a name?" *Romeo and Juliet*, Act ii, scene 2, line 42.

Today, due to a quantum leap of statutory interpretation, the majority of this Court has answered that question. A name is not a name, but is two initials.

The procedure for write-in votes is established by our General Assembly in KRS 117.265(1). The applicable version reads as follows:

"(1) a voter may, at any general or special election, cast a write-in vote for any person whose *name* does not appear upon the ballot label as a candidate, by writing the *name* of his choice upon the appropriate device ... An absentee voter may write in a vote for any person whose *name* does not appear upon the special ballot, by writing the *name* of his choice under the office." (emphasis added.)

I have searched the statute carefully and although I find *four* references to *"name,"* I can find no reference to "initial(s)." Neither does the statute contain any definition that would suggest an initial(s) constitutes a name. The majority, however, has no trouble in re-defining the ancient word "name."

Mr. Webster, in his Seventh New Collegiate Dictionary clearly defines, "name" as:

"A *word* constituting the distinctive designation of a person or thing."

Note the absence of initial(s) in this traditional definition. What is distinctive about initials?

I suggest that by upholding the preliminary action of the local election commission that approved the use of two initials, this Court has not only written a new section of the law, but has also opened the door to a flood gate of problems.

For example, is one initial proper? Are three initials proper? Is a nickname proper? Is an "x" proper? Does a rose by any other name really smell as sweet? To ask these questions is to answer them.

The majority talks about free and equal elections, and it relies on cases of "mere irregularity." Let there be no mistake about it, this is *not* a case falling under the aegis of Section 6 of our Kentucky Constitution. Neither is it a case concerning mere irregularities in election procedures.

Nor is it a case concerning fraud or lack of good faith. Rather, in this case the Court has ploughed new ground and has written a new definition of a simple, plain word, "name."

While the result of this decision may give comfort to the Bath County officials, it has done great violence to a plainly worded enactment of our General Assembly.

Thus, I would reverse the Court of Appeals, and give effect to the plain wording of this statute.

COMBS, J., joins in this dissent.