Randy WATERS, Appellant

v.

Gus SKINNER and The McCreary County Board of Elections, Appellees.

No. 2007–CA–000427–MR.

Court of Appeals of Kentucky.

April 20, 2007.

Discretionary Review Denied by Supreme Court Oct. 24, 2007.

Case Ordered Published by Supreme Court Oct. 24, 2007.

Dan Thompson, Somerset, KY, for appellant.

Darrell L. Saunders, Corbin, KY, for appellee.

Before ACREE and NICKELL, Judges; PAISLEY,[1] Senior Judge.

## OPINION AND ORDER

PAISLEY, Senior Judge.

Pursuant to KRS 120.175 and KRS 120.075, Randy Waters has brought this appeal from a decision of the McCreary Circuit Court in an election contest. The circuit court determined that votes cast using only the first name "Gus" should be counted for the appellee Gus Skinner. It had been stipulated that there were 57 such votes. When those votes were added to Skinner's total, the circuit court ruled that he had received the highest total of valid votes cast in the election. The circuit court invalidated Waters' apparent victory in the election and installed Skinner as the sheriff of McCreary County.

This appeal was properly taken under the procedures set out in KRS 120.075(1). This Court denied Waters' motion for emergency relief to stay enforcement of the judgment and ordered briefs to be filed on an expedited basis. After careful consideration of the briefs and the authorities cited, we affirm the judgment of the circuit court.

At the November 2006 election for sheriff of McCreary County, Randy Waters and Milford Creekmore appeared on the ballot as nominees of their respective parties.[2] Gus Skinner qualified as a write-in candidate for the office.

On election night, Skinner appeared to be the successful candidate. However, a recanvass of the voting machines revealed that some votes for Skinner had been counted twice. Elimination of those votes resulted in the following totals: Randy Waters—1636 votes; Milford Creekmore, II—1635 votes; Gus Skinner—1626 votes. On the basis of the vote totals, the Board of Elections certified Waters as the winner of the sheriff's election.

Skinner filed a contest of the election under KRS 120.155 alleging that the board of elections had failed to include in his vote total certain votes that had been cast using only his first name. Skinner further alleged that when those votes were added to his total, he had the most legal votes cast for the office.

The special judge assigned to hear this matter in circuit court found the facts to be largely undisputed. When Skinner filed the papers necessary to qualify as a write-in candidate, the county clerk informed Skinner that votes cast using only his first name would be counted. This fit

---

1. Senior Judge Lewis G. Paisley sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2. Roger Stephens, an independent candidate, also appeared on the ballot. He received only 340 votes and has not been named as a party to this litigation.

well with Skinner's election strategy to have his supporters easily write "Gus" to cast a vote for him.

At some point after her initial conversation with Skinner, the county clerk consulted with the Kentucky Board of Elections and was informed that a "first name only" write-in vote would not be valid. The clerk "discussed the issue" with the other members of the McCreary County Board of Elections which adopted the position of the Kentucky Board of Elections. It is not clear from the circuit court's findings or from the record whether the county board actually met or took any formal action. The circuit court found that no written notification was provided to Skinner. There is no finding as to when the information was verbally conveyed to Skinner. Clearly, the information did not reach all of Skinner's supporters.

The circuit court determined that the timing of the county board's decision was not significant. The circuit court applied the principles of *McIntosh v. Helton,* 828 S.W.2d 364 (Ky.1992), to find that the voters' clear expression of intent was adequate under KRS 117.265 and that the votes cast using Skinner's first name should be counted for him.

■ We must first address the appellant's argument that Skinner was required to file an action for a recount in order to have the 57 votes added to his total. However, the number of votes was actually stipulated by the parties and was not in dispute. The issue concerned the legality of the votes cast. The issue is somewhat analogous to that presented in *Rives v. Pettit,* 513 S.W.2d 475 (Ky.1974), where it was clear that the labeling of a voting machine had resulted in reversing the totals of votes cast for the two candidates on that machine. The Court of Appeals (then our highest court) found that such an error could be corrected either by an action for a recount or by an election contest. In the case currently before the court, there would seem to be even less reason to require the filing of an action for a recount.

■ The substantive issue of this case is whether the write-in votes cast using only Gus Skinner's first name should be added to his total. Write-in voting is governed by KRS 117.265 and the requirements for casting a vote are set out as follows:

(1) A voter may, at any regular or special election, cast a write-in vote for any person qualified as provided in subsection (2) or (3) of this section, whose name does not appear upon the ballot label as a candidate, by writing the name of his choice upon the appropriate device for the office being voted on provided on the voting machine as required by KRS 117.125. Any candidate for city office who is defeated in a partisan or nonpartisan primary election shall be ineligible as a candidate for the same office in the regular election. Any voter utilizing an absentee ballot for a regular or special election may write in a vote for any eligible person whose name does not appear upon the ballot, by writing the name of his choice under the office.

The statute requires only that the vote is cast "by writing the name of his choice" in the appropriate place on the machine or the absentee ballot. There is no question that 57 of Skinner's supporters attempted to comply with the statute by the use of Skinner's first name.

In *McIntosh v. Helton,* 828 S.W.2d 364 (Ky.1992), the Kentucky Supreme Court applied the statute to allow the counting of votes using only the candidates initials. Citing *Asher v. Arnett,* 280 Ky. 347, 132 S.W.2d 772 (1939), the court noted that "[t]he right to thus vote and be voted for is a constitutional right." *McIntosh* at 366. The Court also applied three firmly estab-

lished principles in reaching its decision. First, "[t]here is the principle that all elections are presumed valid." *Id.* "Secondly, is the well-established principle that the intent of the voter in casting his ballot is of controlling importance." *Id.* "A final well-established principle is that mere irregularities on the part of election officials cannot be used to disenfranchise voters." *Id.*

A corollary to the first principle must be that the votes cast in an election must be presumed valid. In this case there is no allegation that any voter was disqualified or ineligible to vote or that any voter's effort was tainted by any hint of corruption or impropriety.

There is no difficulty in determining the intent of the voters who wrote Skinner's first name in the proper area in casting their ballot for sheriff.[3] There was no candidate for sheriff (or any other race) with a similar name, and Skinner's initial campaign efforts emphasized the simplicity of using his first name. No alternative explanation for the use of the phrase "Gus" has been offered.

While the shifting positions of the McCreary County election officials is not as definitive as the formal action taken by the county board in *McIntosh,* the actions of board members misled Skinner, and it is clear that the board's reversal of positions did not reach all voters of the county.

The appellant argues that *McIntosh* is no longer controlling due to the promulgation of 31 KAR 6 which attempts to define a valid write-in vote. That regulation specifically provides that initials may not be used and also allows the counting of votes cast using only the last name of the candidate if there is no confusion in intent. The regulation does not address the question of a write-in vote that uses only the first name of the candidate.

We believe that the circuit court's reliance on *McIntosh* was proper. The legislature has not changed the statute since the opinion was rendered, and the principles expressed are equally valid now as they were then. The regulations established by the State Board of Elections do not directly address the use of a first name and so do not affect the result here.

We agree that it would have been better if all voters had properly written "Gus Skinner" in casting their write-in votes. But in the context of this election, the intention of the voters writing "Gus" is clearly expressed, and their votes must be counted for Skinner.

Because we have determined that Skinner must be credited with the 57 votes cast using his first name and the addition of those votes results in Skinner's victory in the election, we do not reach the issues raised by Skinner concerning the validity of the requests for recanvass or the propriety of the procedure used in the recanvass. The motion of the McCreary County Board of Elections to strike those portions of Skinner's brief is hereby DENIED AS MOOT.

For the reasons stated, the decision of the McCreary Circuit Court is hereby AF-FIRMED.

The appellant's motion for intermediate relief passed to this panel by this court order of March 2, 2007, is hereby DE-NIED AS MOOT.

ALL CONCUR.

---

3. Some votes were cast for "Gus" in other races, but those votes have simply been disregarded.