# Stafford v. Bailey.

Feb. 16, 1940.

A. F. Childers, Special Judge.

H. H. Ramey, Walter Prater and John L. Harrington for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Overruling motion.

This is an election contest proceeding filed by appellant against appellee in the Johnson circuit court contesting the right to the office of circuit judge of the Twenty-fourth Judicial District in the Commonwealth,

composed of the counties of Johnson and Martin, the election being a regular one held in November, 1939, to choose an incumbent for a full term of six years. The election commissioners of the two counties composing the district certified a majority for contestee, James F. Bailey, of practically 3,000 votes over the contestant, but that majority was reduced in the final judgment rendered by the court—presided over by a special judge— to practically 2,000 majority of votes received by the contestee.

At the beginning of the contest in the circuit court contestant entered motion to be permitted to prosecute his contest in *forma pauperis,* pursuant to the right conferred by Section 884 of our present statutes. His motion was sustained. A similar motion was made by him, and likewise sustained, permitting him to prosecute an appeal to this court from the judgment rendered by the circuit court, by which he procured a transcript of the evidence heard at the trial from the official stenographer of the court free of cost. He also asked an order of the trial court—based upon the same grounds—permitting him to prosecute his appeal to this court without executing the bond prescribed in Section 1596a-12 of our Statutes which was overruled, and this is a renewal of that motion here following the filing of the record in this court by appellant.

In the case of Kash v. Strong, 165 Ky. 843, 178 S. W. 1133, 1134, we held that the statutory requirement for the execution of a bond in appeals to this court from a judgment in an election contest proceeding was a jurisdictional requirement and could not be dispensed with ''by consent, estoppel, or waiver, affirmative or implied.'' Many prior cases to the same effect, rendered since the statutory contest remedy was enacted, are listed and reviewed in that opinion—all of which follow with approval the generally declared rule of other courts in such proceedings to the effect that they are in the nature of summary proceedings and that the prescribed requirements are conditions precedent to the exercise of the right, thus making them jurisdictional. Being so, neither the parties nor the courts may dispense with them for any reason whatever, and to thereby take jurisdiction when under the prescribed procedure none existed. See the text in 20 C. J. pages 263-266, Sections 381-383, and annotation in 106 A. L. R.

936. The last two cited authorities clearly and unequivocally point out that the statutory required bond—as a condition precedent to the prosecution of an appeal from the judgment of the trial court to a reviewing court—is jurisdictional and must be complied with.

However, appellant by his counsel seeks to sustain his motion under and by virtue of Section 884 supra of our Statutes. It, however, was enacted long prior to the election contest statute prescribing for the execution of the jurisdictional bond, from the burden of which appellant now seeks to be excused. The latter statute therefore prevails and—even if it be conceded that the first one embraces the case (but which is untrue) it is more than clear (even to the extent of undisputed demonstration) that no court has the right or authority to dispense with a jurisdictional requisite in order to afford a willing litigant the opportunity to continue in court to the bitter end by relieving him from paying all necessary expenses enroute, and which the jurisdictional requirements which he seeks to dispense with demands that he shall secure. The payment of costs against which the court may upon a proper showing relieve the litigant under the provisions of Section 884 are strictly court costs incident to the litigation and going to officers performing services—the payment or security of which is not made jurisdictional. But, were it otherwise, we then repeat, the contest statute, having been enacted at a much later date, and in which the required bond securing costs and damages of the opposing litigant was made a jurisdictional requirement, would supersede the former one, even if it was broad enough to cover the point in issue. Neither the trial court nor this court has the right to repeal or set aside a duly enacted mandatory statute, notwithstanding disappointed litigants sometimes accuse us of doing so.

Wherefore, for the reasons stated the motion of appellant to be permitted to prosecute his appeal from the judgment rendered by the Johnson circuit court without the execution of a bond is overruled; the whole Court sitting.