**Charles CUMMINS, Appellant,**

v.

**James E. COX, Jr., Appellee.**

**No. 87-CA-1666-S.**

Court of Appeals of Kentucky.

Nov. 18, 1988.

Discretionary Review Denied by Supreme Court Feb. 1, 1989.

James P. Benassi, Frankfort, for appellant.

Willie E. Peale, Jr., Frankfort, for appellee.

Before COMBS, HAYES and WEST, JJ.

WEST, Judge.

This is an appeal from an order of the Franklin Circuit Court denying the appellant's motion to require that the appellee, the defendant below, pay the court costs of this action. We reverse.

The costs in question resulted from an action brought by the appellant, Charles Cummins, for expenses he incurred in paying the funeral bill, burial costs and other related costs in the death of Jason Cox, the son of the appellee, James E. Cox, Jr., and Mr. Cummins' wife, Betty. Jason was in the custody of his mother, Betty Cummins, at the time of his death and Mr. Cox paid no support and offered only $20.00 in payment of the funeral and related expenses resulting from Jason's death in an automobile accident. Upon determining that James Cox had filed suit to obtain insurance proceeds because of Jason's death, Mr. Cummins brought this action for reimbursement of payments he had made. The jury awarded the appellant in excess of $11,000, and that judgment is not in issue here.

The sole matter before us is whether the court erred in refusing to make the appellee, James E. Cox, responsible for the court costs incurred. The costs that the appellant requested to have paid by the appellee include the filing fee of $80.00, the summons on the defendant $10.00, an original copy of a deposition for $111.00 and a subpoena for a deposition in the amount of $10.00. The appellee submitted a pauper's affidavit as exceptions to the appellant's cost bill after the case was tried. Based upon that, and we might note Mr. Cummins' own testimony at trial that Mr. Cox was not employed, the trial court determined that the costs should not be taxable against Mr. Cox. Our review of the statutes and civil rules lead us to conclude that although Mr. Cox may be a poor person under KRS 453.190, it was nonetheless an abuse of the trial court's discretion to hold him exempt from the costs of this action.

KRS 453.190 states as follows:

(1) A court shall allow a poor person residing in this state to file or defend any action or appeal therein without paying costs, whereupon he shall have any counsel that the court assigns him and shall have from all officers all needful services and process, including the preparation of necessary transcripts for appeal, without any fees, except such as are included in the costs recovered from the adverse party, and shall not be required to post any bond except in an amount and manner reasonable under the circumstances of his poverty.

(2) A "poor person" means a person who is unable to pay the costs and fees of the proceeding in which he is involved without depriving himself or his dependents of the necessities of life, including food, shelter or clothing.

(3) Application to proceed without payment of costs and fees, pursuant to subsection (1) herein, shall be made by motion supported by the affidavit of the applicant stating the reasons that he is unable to pay the costs and fees or give security therefor.

The appellant argues that KRS 453.190 does not cover the types of costs in this matter, and we agree. The costs to which KRS 453.190, the in forma pauperis statute, applies are those which are necessary to allow indigent persons access to the courts. Traditionally those have been interpreted as costs payable to court officials and necessary in order to prosecute or defend a claim. *Stafford v. Bailey*, 282 Ky. 525, 138 S.W.2d 998 (1940).

The award of costs to the prevailing party at the conclusion of the action is governed by KRS 453.040 and CR 54.04. KRS 453.040(1)(a) provides that the successful party in any action shall recover his costs, unless otherwise provided by law. CR 54.04(1) provides that costs shall be allowed as of course to the prevailing party unless the court otherwise directs. CR 54.04 defines costs as "including filing fees, fees incident to service of process in summoning of witnesses, jury fees, warning order attorney, guardian ad litem fees, costs of the originals of any deposition...." The items in the tendered cost bill clearly are costs provided for in the rules and the statute stated above. Although both the statute and the

rule recognize the trial court's discretion to refuse to award costs to the successful litigant, because of the specific purpose of KRS 453.190, we believe that the trial court's reliance on that statute is erroneous and that the denial of costs to the appellant in this case is therefore an abuse of discretion.

In light of our ruling that the trial court erred in applying KRS 453.190 as a defense to the cost bill of the appellant, we do not reach the arguments that the appellee's wife's income should have been considered and that the Commonwealth of Kentucky cannot bankrupt a debt for court costs.

For these reasons, the judgment of the Franklin Circuit Court is REVERSED and the case remanded for entry of judgment for the appellant for his costs of $211.00.

Further, pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, is reinstated effective the date of this opinion.

All concur.