Stanley K. SPEES, Appellant,

v.

KENTUCKY LEGAL AID; Esmeralda Marie Vasquez–Orosco, Appellees.

No. 2006–SC–000506–DG.

Supreme Court of Kentucky.

Jan. 22, 2009.

Stanley K. Spees, Paducah, KY, Counsel for Appellant.

Allison Inez Connelly, Associate Professor of Law, University of Kentucky, College of Law, Lexington, KY, Anne Marie Regan, Louisville, KY, Counsel for Kentucky Legal Aid.

Natalie Gayle Bash, Kentucky Legal Aid, Paducah, KY, Counsel for Esmeralda Marie Vasquez–Orosco.

Opinion of the Court by Justice VENTERS.

This is an appeal from a decision of the Court of Appeals which affirmed the denial of a warning order attorney fee. Because we agree that the Court of Appeals properly dismissed Appellant's claim against Kentucky Legal Aid, we affirm that portion of its decision. With respect to the award of a warning order attorney fee, we reverse the decision of the Court of Appeals and remand the matter to the trial court for further consideration.

Appellant, Stanley K. Spees, is an attorney, who in October of 2004 was appointed warning order attorney in a divorce action brought in the McCracken Family Court by Appellee, Esmeralda Marie Vasquez–Orosco. Appellee was deemed to be indigent and permitted to file her case *in forma pauperis*. Appellant fulfilled his responsibility as warning order attorney and moved the court for an allowance of a fee of $150.00, to be paid by Appellee or her attorney's employer, Kentucky Legal Aid. The McCracken Family Court denied Appellant's request for a warning order attorney fee, on the grounds that Appellee was indigent and had been granted *in forma pauperis* status. The trial court did not address the liability of Kentucky Legal Aid for the warning order attorney fee. Its order, however, did note that the Commonwealth of Kentucky Finance and Administration Cabinet did not have funds available to pay the warning order attorney fee requested by Appellant. Shortly

thereafter, a final judgment was entered granting Appellee's divorce. The respondent in that action, her husband, never entered an appearance or responded in any way. Appellant appealed the denial of his motion for a warning order attorney fee.

The Court of Appeals dismissed Appellant's claim against Kentucky Legal Aid on the ground that Kentucky Legal Aid had not been properly made a party in the action. The Court of Appeals affirmed the denial of Appellant's claim for a warning order attorney fee. We now review the Court of Appeals' decision with respect to its dismissal of Kentucky Legal Aid as a party and on the larger question of the allowance of warning order attorney fees in cases where a plaintiff is proceeding *in forma pauperis*.

### I. Kentucky Legal Aid was Properly Dismissed as a Party

Appellant argues that Kentucky Legal Aid should be viewed as an appropriate party against whom judgment may be entered for the warning order attorney fees claimed by Appellant. The Court of Appeals cited *White v. England*, 348 S.W.2d 936, 937 (Ky.1961), for the principle that an appeal may not be taken against one who is not a party to the proceedings in which the judgment was rendered. Kentucky Legal Aid was not a party in this action. Appellee was represented in the trial court by an attorney employed by Kentucky Legal Aid. Its role as employer of the attorney does not make it a party in the action. An attorney acts as an agent of his client. *Clark v. Burden*, 917 S.W.2d 574, 575 (Ky.1996). Generally, an agent of a disclosed principal is not liable for his own authorized acts or for dealings between a third person and the principal. *Young v. Vista Homes*, 243 S.W.3d 352, 364 (Ky.App.2007). Appellant

presents no theory by which it may reasonably argue that liability for the warning order attorney fee would have passed to Kentucky Legal Aid, even if it had been properly made a party to the action.

We therefore affirm the Court of Appeals in its dismissal of the appeal against Kentucky Legal Aid.

## II. The Trial Court Erred in its Failure to Award a Warning Order Attorney Fee to Appellant

■ We now turn to the issue which lies at the heart of this matter: Appellant's right to a warning order attorney fee and the rights of Appellee, as an indigent person, to free access to the courts. KRS 453.190(1) provides:

A court shall allow a poor person residing in this state to file or defend any action or appeal therein without paying cost, whereupon he shall have any counsel that the court assigns him and shall have from all officers all needful services and process, including the preparation of necessary transcripts for appeal, without any fees, except such as are included in the costs recovered from the adverse party, and shall not be required to post any bond except in an amount and manner reasonable under the circumstances of his poverty.

No question is presented with respect to Appellee's qualification as a "poor person."

KRS 453.060(2) provides:

A guardian ad litem or warning order attorney shall be allowed by the court a reasonable fee for his services, to be paid by the plaintiff and taxed as costs.

No argument is presented with respect to the sufficiency of Appellant's service as the warning order attorney.

Appellee argues that her rights under KRS 453.190(1) as an indigent litigant and her constitutional due process right of access to the courts under *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) and *Francis v. Taylor,* 593 S.W.2d 514 (Ky.1980) trumps Appellant's right under KRS 453.060(2) and his constitutional right to just compensation for his services. We disagree.

■ At the outset, we emphasize the "long-observed principle" that Constitutional adjudication should be avoided unless strictly necessary for a decision in the case. *Stephenson v. Woodward,* 182 S.W.3d 162, 168 (Ky.2005). We heed Justice Brandeis's concurring comment in *Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1936), "Thus, if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the court will decide only the latter."

Appellee relies upon the decision of the United States Supreme Court in *Boddie, supra,* and our decision in *Francis, supra,* as support for her claim that an assessment of costs, including a warning order attorney fee, against her as an indigent person, violates her right of access to the courts. Both *Boddie* and *Francis,* like the instant case, were divorce cases involving poor persons. In *Boddie,* a litigant challenged a state procedure that required the payment of court costs at the initiation of a case as a condition precedent to adjudicating the cause, *Id* at 372, 91 S.Ct. 780. In *Francis,* a trial judge held the adjudication of a divorce in abeyance until an indigent litigant paid the warning order attorney fee. *Id.* at 515. Both cases stand as authority that the inability to pay a fee may not bar the adjudication of a claim or prevent the initiation of a claim. *Boddie,* 401 U.S. at 381, 91 S.Ct. 780; *Francis,* 593 S.W.2d at 516. The critical distinction between the instant case and *Boddie* and *Francis* is that Appellee has never been

denied access to the court, nor has the adjudication of her divorce case been impeded or impaired by a demand for payment of fees. Appellant did not demand, and the court did not require, any payment of fees from Appellee before processing her case to its conclusion. She has at no time suffered a deprivation of a constitutional right of access to the court, and thus she has no constitutional claim. *Francis,* does not hold that a poor person is exempt from paying a warning order attorney fee. It simply holds that non-payment of the fee cannot result in an abatement of the case. *Id.* at 516. The Court of Appeals erred when it concluded otherwise.

Because her case has been fully and completely adjudicated, Appellee's right to not have a fee assessed against her arises solely from KRS 453.190(2), and its relationship to KRS 453.060(1). The former statute provides that she "shall have from all officers all needful services and process ... without any fees, except such as are included in the costs recovered from the adverse party." In *Cummins v. Cox,* 763 S.W.2d 135, 136 (Ky.App.1988), it was held that KRS 453.190 refers to costs "which are necessary to allow indigent persons access to the courts. Traditionally those have been interpreted as costs payable to court officials and necessary in order to prosecute or defend a claim." The interest which KRS 453.190(2) is designed to protect is the right of access to the courts, with the assurance that indigent persons are not, on account of their indigency, deprived of access to the courts that would otherwise be available. For Appellee, that interest has been served.

■ On the other hand, KRS 453.060(1) directly addresses the subject of fees for a warning order attorney. It mandates that "a fee shall be allowed," and that the fee is to be "paid by the plaintiff and taxed as costs." When the application

of two statutes leads to apparent conflict, we have a duty to harmonize them so as to give effect to both, if possible. *Kentucky Off–Track Betting, Inc. v. McBurney,* 993 S.W.2d 946 (Ky.1999). In resolving apparent conflict between two statutes, a primary rule of construction requires that precedence be given to the specific statutory provision over the more general. *Commonwealth v. Crum,* 250 S.W.3d 347, 351 (Ky.App.2008).

■ Both statutes before us involve the payment of costs and fees necessarily incurred in the prosecution or defense of a legal claim. KRS 453.060(2) deals specifically with fees of a guardian ad litem and a warning order attorney. Unlike sheriffs, clerks, and other court officials, guardians ad litem and warning order attorneys are used on a case-by-case basis, and do not perform such services as a regular part of employment for which they are otherwise compensated. Specifically, a warning order attorney must be an attorney who regularly practices before that court. CR 4.07(1). The direct mandate of KRS 453.060 with respect to payments of warning order attorney fees is more specific than the general reference of KRS 453.190(1) to "all needful services and process" and "all officers." We conclude therefore that the more specific KRS 453.060 takes precedence over the more general language of KRS 453.190(1). By clear directive of KRS 453.060(2) the General Assembly has mandated that a warning order attorney shall be granted a reasonable fee, and that the fee shall be paid by the "plaintiff."

Thus, we conclude that the trial court erred when it declined to allow Appellant a fee for his services and that it erred when it failed to direct the payment of same by Appellee. The trial court could have done so with no detriment to the interest served by KRS 453.190 because Appellee had

been granted necessary access to the court and the adjudication of her case was virtually complete. Our interpretation of the statute harmonizes all of the interests concerned. In so doing, we note that KRS 453.060(2) does not require payment of the warning order fee in advance, and its application to indigent persons does not limit access to the court or to legal process.

We also note that, just as the trial court has discretion in determining the amount of the fee to be awarded to the warning order attorney, the trial court has discretion in setting reasonable terms for the payment of same, and discretion to allocate the burden of the fees to other parties by its allocation of court costs. Because we conclude that KRS 453.190(2) adequately provides for a reasonable fee for Appellant's services, we decline to address his argument that a constitutional right to compensation arises from an order of appointment as warning order attorney.

### Conclusions

For reasons set forth above, we affirm the portion of the decision of the Court of Appeals that dismissed Kentucky Legal Aid as a party to the case but reverse the decision insofar as it affirmed the trial court's denial of Appellant's motion for a warning order attorney fee. Accordingly, we remand the matter to the McCracken Family Court for further proceedings consistent with this opinion.

ABRAMSON, CUNNINGHAM, NOBLE, SCHRODER and SCOTT, J.J., sitting. All concur. MINTON, C.J., not sitting.