RENDERED: DECEMBER 16, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0651-DG

FREDERICK JONES                                                          APPELLANT

V.

ON REVIEW FROM COURT OF APPEALS
NO. 2019-CA-0172
JEFFERSON CIRCUIT COURT NO. 98-CR-000443

COMMONWEALTH OF KENTUCKY                                    APPELLEE

**OPINION OF THE COURT BY JUSTICE KELLER**

**REVERSING AND REMANDING**

Frederick Jones filed an application for expungement in Jefferson Circuit Court. As part of his application, he also filed a motion to proceed *in forma pauperis*, which would allow him to proceed without paying the required filing fee. The Jefferson Circuit Court denied his motion to proceed *in forma pauperis*. The Court of Appeals affirmed the Jefferson Circuit Court. After a thorough review, we reverse the Court of Appeals and remand to the Jefferson Circuit Court for proceedings consistent with this Opinion.

## I.   BACKGROUND

In 1998, Frederick Jones pled guilty to one felony count of theft by failure to make the required disposition of property. As a result, he spent several months incarcerated and then five years on supervised probation. In August 2018, Jones filed an application for expungement pursuant to

Kentucky Revised Statute (KRS) 431.073 in the Jefferson Circuit Court. He did not tender a filing fee with his application but instead filed a motion to proceed *in forma pauperis* (IFP) pursuant to KRS 453.190, which would have allowed him to proceed without payment of costs and fees. The trial court denied his motion to proceed IFP, concluding that the legislature did not intend KRS 453.190 to apply to applications for expungements. The Court of Appeals affirmed. Jones moved this Court for discretionary review, and we granted his motion.

Jones argues that, as a matter of statutory interpretation, an application for an expungement is an "action" under the IFP statute. He further argues that the Due Process and Equal Protection clauses of the United States and Kentucky constitutions require low-income individuals be afforded access to expungements without fees. The Commonwealth, on the other hand, argues that there is no constitutional right to a cost-free expungement and that the application of the IFP statute to the expungement statute is at odds with the language of the latter statute. Further, the Commonwealth argues that if the IFP statute does apply to expungements, then it only applies to waive the $50 filing fee and not the $250 expungement fee.

## II. ANALYSIS

In this case we do not review the trial court's factual findings regarding the IFP determination but, instead, review the lower courts' interpretations of the relevant statutes. "The interpretation of statutes is a matter of law which we review de novo." *Commonwealth v. Moore*, 545 S.W.3d 848, 850 (Ky. 2018)

(citation omitted). Therefore, "[w]e afford no deference to the statutory interpretations of the lower courts." *Id.* (citation omitted).

Although Jones makes arguments regarding the constitutionality of failing to apply the IFP statute to expungements, "we emphasize the 'long-observed principle' that Constitutional adjudication should be avoided unless strictly necessary for a decision in the case." *Spees v. Kentucky Legal Aid*, 274 S.W.3d 447, 449 (Ky. 2009) (quoting *Stephenson v. Woodward*, 182 S.W.3d 162, 168 (Ky. 2005)). Therefore, "if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the court will decide only the latter." *Id.* (quoting *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 347 (1938) (Brandeis, J., concurring)). Because we decide this case on statutory construction grounds, we do not address the parties' constitutional arguments.

This Court has long held that the "fundamental rule of statutory construction is to determine the intent of the legislature." *Beach v. Commonwealth*, 927 S.W.2d 826, 828 (Ky. 1996).

> In interpreting a statute, we have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion. As such, we must look first to the plain language of a statute and, if the language is clear, our inquiry ends. We hold fast to the rule of construction that the plain meaning of the statutory language is presumed to be what the legislature intended, and if the meaning is plain, then the court cannot base its interpretation on any other method or source. In other words, we assume that the Legislature meant exactly what it said, and said exactly what it meant.

*Moore*, 545 S.W.3d at 851 (citation omitted). Further, in construing statutes that appear to conflict, "it is the duty of the court to try to harmonize the interpretation of the law so as to give effect to both . . . statutes if possible." *Ledford v. Faulkner*, 661 S.W.2d 475, 476 (Ky. 1983).

Pursuant to KRS 431.073, under certain circumstances, a person with a criminal record can seek to have that record expunged. Under the statute, he or she must "file with the court in which he or she was convicted an application to have the judgment vacated. The application shall be filed as a motion in the original criminal case." KRS 431.073(1). In 2019, the expungement statute was amended[1] so that "[t]he filing fee for an application to have judgment vacated and records expunged shall be fifty dollars ($50), which shall be deposited into a trust and agency account for deputy clerks and shall not be refundable." KRS 431.073(10). Then, "[u]pon the issuance of an order vacating and expunging a conviction pursuant to this section, the applicant shall be charged an expungement fee of two hundred fifty dollars ($250), which may be payable by an installment plan in accordance with KRS 534.020." KRS 431.073(11)(a). However, the record will not actually be expunged until the full $250 expungement fee is paid. KRS 431.073(5), (7). The money collected from expungement fees is distributed as follows: 10% to the Department for Libraries and Archives, 40% to the Department of Kentucky State Police, 40%

---

[1] Prior to 2019, the expungement statute required a $500 filing fee. Because the amendments to the statute are retroactive, we limit our analysis to the statute as it currently exists. We further commend the General Assembly's actions to make expungements more affordable and, by only requiring the expungement fee of those who are successful in their application, less financially risky for those who apply.

among the offices of Commonwealth's attorneys, and 10% into the trust and agency account for deputy circuit clerks.[2] KRS 431.0795. We note that the expungement statute makes no mention of the IFP statute and its applicability or lack thereof.

Under the IFP statute, "[a] court shall allow a poor person . . . to file or defend *any action . . . without paying costs . . .* and shall have from all officers all needful services and process . . . *without any fees*, except such as are included in the costs recovered from the adverse party." KRS 453.190(1) (emphasis added). "The costs to which KRS 453.190 . . . applies are those which are necessary to allow indigent persons access to the courts. Traditionally those have been interpreted as costs payable to court officials and necessary in order to prosecute or defend a claim." *Cummins v. Cox*, 763 S.W.2d 135, 136 (Ky. App. 1988) (citing *Stafford v. Bailey*, 282 Ky. 525, 138 S.W.2d 998, 999 (1940)).

"Where the legislature has defined a term or phrase . . . the courts are not free to ignore it." *Jenkins v. Commonwealth*, 496 S.W.3d 435, 455 (Ky. 2016) (citing *Schroader v. Atkins*, 657 S.W.2d 945, 947 (Ky. 1983)). The IFP statute allows a qualifying person to file "any action" without paying costs and fees. KRS 453.190(1). The legislature has defined the term "action" in KRS 446.010(1). Under that statute, "'[a]ction' includes *all proceedings* in any court

---

[2] We recognize the hardship our holding may place on the agencies who benefit from the expungement fee. However, we cannot allow that potential hardship to color our analysis of the statutes at issue. We merely interpret the statutes as enacted by the General Assembly.

of this state." *Id.* (emphasis added). That is an extraordinarily broad definition that is perhaps broadened even further by the use of the term "any" before "action" in the IFP statute. Under the definition of "action" as provided by the legislature, we see no interpretation of the IFP statute that could preclude an expungement from being considered an "action" for purposes of that statute.

The Commonwealth argues that an expungement should not be considered a separate action for purposes of the IFP statute because the application for expungement must be "filed as a motion in the original criminal case." KRS 431.073(1). However, we note that an expungement is completely separate from the underlying criminal case. The mere fact that a filing fee is required is evidence of this, as filing fees are not required for other types of motions (such as a motion to suppress or a motion in limine) that would ordinarily be filed as part of a criminal case. Further, an expungement action does not ask about the strength of the evidence underlying the conviction or whether there was any sort of procedural defect in the conviction. The only questions in an expungement action that relate to the original criminal case are of what crime was the applicant convicted and how much time has passed since the completion of the applicant's sentence.

In summary, the broad definition of "action" provided by the legislature, paired with the stand-alone nature of the expungement proceeding, leads us to hold that the IFP statute applies to an application for expungement.

6

We now turn to the Commonwealth's argument that if the IFP statute applies to an expungement, it only applies to the filing fee and not the expungement fee. We find this argument unpersuasive.

The Commonwealth relies largely on *Spees v. Kentucky Legal Aid*, 274 S.W.3d 447; however, that case is distinguishable. In *Spees*, Esmeralda Marie Vasquez-Orosco was deemed indigent and permitted to file a divorce action *in forma pauperis*. *Id.* at 448. Stanley K. Spees was appointed as a warning order attorney and fulfilled his responsibilities in that role. *Id.* He moved the family court for an allowance of a fee of $150 to be paid by Vasquez-Orosco or Kentucky Legal Aid, the employer of the attorney who represented her. *Id.* The family court denied Spees's motion on the grounds that Vasquez-Orosco was indigent and had been granted IFP status. *Id.* Spees appealed to the Court of Appeals, which affirmed the family court. *Id.* This Court then granted review to determine whether warning order attorney fees are allowed in cases where the plaintiff is proceeding *in forma pauperis*. *Id.*

Ultimately, we held that Vasquez-Orosco could be required to pay the warning order attorney fees because the non-payment of those fees did not deny her access to the court and did not impede or impair the adjudication of her divorce case. *Id.* at 449–50. We further stated that the "non-payment of the fee cannot result in an abatement of the case." *Id.* at 450 (citing *Francis v. Taylor*, 593 S.W.2d 514, 516 (Ky. 1980)). We explained that "[t]he interest [the IFP statute] is designed to protect is the right of access to the courts, with the assurance that indigent persons are not, on account of their indigency,

7

deprived of access to the courts that would otherwise be available." *Id.* We noted that warning order attorney fees are not required to be paid in advance, and therefore, the application of these fees "to indigent persons does not limit access to the court or to legal process." *Id.* at 451.

This stands in stark contrast to the expungement statute. An indigent person is unable to achieve his or her aim—expungement—unless he or she pays both the filing fee and the expungement fee. Payment of both fees is required to complete the expungement process and obtain all of its benefits. We can identify no other situation in our Commonwealth where a judge renders a judgment that a litigant is entitled to a benefit under the law, but that litigant cannot obtain the benefit of that judgment unless and until he pays a fee. Because of this, the IFP statute applies to both the $50 filing fee and the $250 expungement fee. Any other holding would be contrary to the purpose of the IFP statute.

### III. CONCLUSION

For the foregoing reasons, we reverse the Court of Appeals and remand to the Jefferson Circuit Court for proceedings consistent with this Opinion.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Sammie Stewart Pope
John David Young
Cassandra Florence Kennedy
Legal Aid Society

Michael Patrick Abate
Cassie Chambers Armstrong
Kaplan Johnson Abate & Bird LLP

COUNSEL FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Robert Lee Baldridge
Assistant Attorney General

COUNSEL FOR AMICI CURIAE, AFL-CIO; GREATER LOUISVILLE CENTRAL LABOR COUNSEL; KENTUCKY ASSOCIATION OF CRIMINAL DEFENSE LAWYERS; AND FRIENDS OF JEFFERSON COUNTY PUBLIC LAW LIBRARY:

Franklin Todd Lewis
Todd Lewis Law

Angela Marie Rea
President, Kentucky Association of Criminal Defense Lawyers

Kurt Xavier Metzmeier
Associate Director of Law Library
University of Louisville Brandeis School of Law