RENDERED:  MAY 5, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2017-CA-1801-MR

LAKE CUMBERLAND RESORT,
INC.; ANTHONY DEL SPINA; AND
ANTHONY DEL SPINA, IN HIS
CAPACITY AS EXECUTOR OF THE
ESTATE OF FRANCES DEL SPINA                                        APPELLANTS


|  | APPEAL FROM PULASKI CIRCUIT COURT |
|---|---|
| v. | HONORABLE JEFFREY T. BURDETTE, JUDGE |
|  | ACTION NO. 07-CI-00884 |


MELVIN J. BUCKLAND
AND LINDA BUCKLAND                                                 APPELLEES

AND


NO. 2017-CA-1888-MR

MELVIN J. BUCKLAND
AND LINDA BUCKLAND                                                 APPELLANTS


|  | CROSS-APPEAL FROM PULASKI CIRCUIT COURT |
|---|---|
| v. | HONORABLE JEFFREY T. BURDETTE, JUDGE |
|  | ACTION NO. 07-CI-00884 |

ANTHONY DEL SPINA; ANTHONY
DEL SPINA, IN HIS CAPACITY AS
EXECUTOR OF THE ESTATE OF
FRANCES DEL SPINA; AND LAKE
CUMBERLAND RESORT, INC.                                   APPELLEES

AND


NO. 2018-CA-0240-MR


MELVIN J. BUCKLAND
AND LINDA BUCKLAND                                        APPELLANTS


                    APPEAL FROM PULASKI CIRCUIT COURT
v.            HONORABLE JEFFREY T. BURDETTE, JUDGE
                      ACTION NO. 07-CI-00884


ANTHONY DEL SPINA; ANTHONY
DEL SPINA, IN HIS CAPACITY AS
EXECUTOR OF THE ESTATE OF
FRANCES DEL SPINA; AND LAKE
CUMBERLAND RESORT, INC.                                   APPELLEES


                              OPINION
            AFFIRMING APPEAL NO. 2017-CA-1801-MR AND
            CROSS-APPEAL NO. 2017-CA-1888-MR AND
            REVERSING AND REMANDING WITH DIRECTIONS
                  APPEAL NO. 2018-CA-0240-MR


                         ** ** ** ** **


BEFORE:  ECKERLE, JONES, AND TAYLOR, JUDGES.


-2-

TAYLOR, JUDGE: Lake Cumberland Resort, Inc., Anthony Del Spina, and Anthony Del Spina, in his capacity as executor of the Estate of Frances Del Spina,[1] bring Appeal No. 2017-CA-1801-MR from a September 29, 2017, Trial Order and Judgment of the Pulaski Circuit Court. Melvin J. Buckland and Linda Buckland bring Cross-Appeal No. 2017-CA-1888-MR also from the September 29, 2017, Trial Order and Judgment. Melvin J. Buckland and Linda Buckland bring Appeal No. 2018-CA-0240-MR from a January 19, 2018, Order of the Pulaski Circuit Court granting a Kentucky Rules of Civil Procedure (CR) 60.02 motion. These appeals were consolidated by order entered May 12, 2021. We affirm Appeal No. 2017-CA-1801-MR and Cross Appeal No. 2017-CA-1888-MR, and we reverse and remand with directions Appeal No. 2018-CA-0240-MR.

Lake Cumberland Resort, Inc. (Resort) is a planned community located in the hills around Lake Cumberland in Pulaski County. It was developed by Anthony Del Spina and his wife, Frances Del Spina (hereinafter referred to as either Frances or Estate). Anthony is president of the Resort, and Frances was secretary and sole shareholder. It is uncontroverted that some of the land that compromises the Resort is situated upon a geological formation of sedimentary rock known as Pennington shale formation. Pennington shale can break apart

---

[1] Frances Del Spina died on March 12, 2022, during the pendency of this appeal. Anthony Del Spina, in his capacity as executor of the Estate of Frances Del Spina was substituted for Frances as a party to the appeal by Order entered February 17, 2023.

causing the ground beneath structures built thereon to shift or cause landslides that result in substantial damage to the structures.

This case has a long and convoluted history in the court below. The controversy on appeal centers upon Melvin J. and Linda Buckland's (Buckland) purchase and construction of a home upon Lot 6 and purchase of Lot 5 in the Resort. On December 14, 2005, the Bucklands initially purchased Lot 6 from the Resort for $125,000.[2] Some four months later, on April 5, 2006, the Bucklands purchased Lot 5 from Frances for $123,000.[3] The Bucklands intended to build their house on one lot and to build a house on the other lot for resale.

While the Bucklands engaged a contractor to build the majority of the house on Lot 6, the Bucklands also entered into a contract with the Resort to construct the foundation for the house and to construct septic sewer systems for both Lots 5 and 6. Shortly after construction of the Bucklands' house on Lot 6, a large crack developed in the concrete floor of the basement and significant portions of the septic sewer system for Lot 6 slid down a hill. As a result, the septic sewer system was rendered useless.

---

[2] In 2005, Melvin J. Buckland and Linda Buckland and Anthony Del Spina and Frances Del Spina were residents of Florida.

[3] The record reveals that Frances Del Spina solely owned Lot 5; however, Anthony Del Spina was included in the deed as a grantor to ostensibly release his curtesy rights.

On July 2, 2007, the Bucklands filed a complaint against the Resort, Anthony, and Frances. In pertinent part, the Bucklands claimed that they purchased Lots 5 and 6 in the Resort and that the Resort, Anthony, and/or Frances committed fraud by their false statements and/or failure to disclose defects as to the lots. Anthony and Frances filed answers and denied the claims. The Resort filed an answer and counterclaim. In the counterclaim, the Resort asserted that the Bucklands received 90 truckloads of dirt and failed to pay the Resort. So, the Resort sought $3,600 in compensatory damages.

The Bucklands and the Resort filed motions for summary judgment. In the Bucklands' motion, they claimed that Anthony, Frances, and/or the Resort failed to inform the Bucklands that Lots 5 and 6 were prone to landslides because of the Pennington shale formation under their land which was unsuitable for home construction. The Bucklands pointed out that the septic sewer system for their home on Lot 6 succumbed to a landslide and was no longer functional. They also asserted that Anthony, Frances, and/or the Resort knew of the Pennington shale and its dangers as evidenced by engineering reports commissioned by them. The Bucklands maintained that Anthony, Frances, and/or the Resort committed fraud in the sale of Lots 5 and 6 by failing to disclose the Pennington shale beneath their land and its concomitant propensity for landslides. Consequently, the Bucklands believed that they were entitled to summary judgment as a matter of law.

In the Resort's motion for summary judgment, the Resort pointed out that the Bucklands filed for bankruptcy in Florida while the current action was pending. In their bankruptcy filings, the Resort maintained that the Bucklands listed the current action as an asset but assigned no value thereto. As a result, they argued that the Bucklands admitted that the fraud claim had no value; thus, it should be dismissed by the court.

The circuit court ultimately denied the motions for summary judgment. The circuit court concluded that genuine issues of material fact existed and that a trial was necessary. After the passing of almost ten years, a jury trial was conducted on September 25-27, 2017. Anthony and Melvin testified, as well as numerous experts. The pertinent jury instructions and findings were as follows:

**INSTRUCTION NO. 4**

You will find for the Plaintiffs, Melvin J. Buckland and Linda Buckland, on the issue of Fraud in the Inducement through Fraud by Omission if, and only if, you are satisfied from clear and convincing evidence as follows:

(1)    That the Defendants, Anthony Del Spina and Frances Del Spina, had a duty to disclose a material fact regarding the property located at Lot 5 (also known as 5e) on Majestic Drive in Pulaski County, Kentucky, relating to its fitness for installation and approval for a proper septic system, and/or for the safe and stable construction of a home on this lot;

(2)    That the Defendants, Anthony Del Spina and Frances Del Spina, failed to disclose that material fact;

-6-

(3)     That the failure to disclose a material fact induced the Plaintiffs, Melvin J. Buckland and Linda Buckland, to act as a consequence; and

(4)     That the Plaintiffs, Melvin J. Buckland and Linda Buckland, suffered actual damages.


## INTERROGATORY NO. 2

Do you, the jury, find for the Plaintiffs, Melvin J. Buckland and Linda Buckland, on the issue of Fraud in the Inducement through Fraud by Omission as it relates to the property located at Lot 5 (also known as 5e) on Majestic Drive in Pulaski County, Kentucky?

YES __X___     NO_____


. . . .

## INSTRUCTION NO. 6

You will find for the Plaintiffs, Melvin J. Buckland and Linda Buckland, on the issue of Fraud in the Inducement through Fraud by Omission if, and only if, you are satisfied from clear and convincing evidence as follows:

(1)     That the Defendants, Anthony Del Spina and Frances Del Spina, agents of Lake Cumberland Resort, Inc., had a duty to disclose a material fact regarding the property located at Lot 6 (also known as 6e) on Majestic Drive in Pulaski County, Kentucky, relating to its fitness for installation and approval for a proper septic system, and/or for the safe and stable construction of a home on this lot;

(2) That the Defendants, Anthony Del Spina and Frances Del Spina, agents of Lake Cumberland Resort, Inc., failed to disclose that material fact;

(3) That the failure to disclose a material fact induced the Plaintiffs, Melvin J. Buckland and Linda Buckland, to act as a consequence; and

(4) That the Plaintiffs, Melvin J. Buckland and Linda Buckland, suffered actual damages.

## INTERROGATORY NO. 4

Do you, the jury, find for the Plaintiffs, Melvin J. Buckland and Linda Buckland, on the issue of Fraud in the Inducement through Fraud by Omission as it relates to the property located at Lot 6 (also known as 6e) on Majestic Drive in Pulaski County, Kentucky?

YES __X___    NO_____

## INTERROGATORY NO. 5

### AWARD OF COMPENSATORY DAMAGES

If you found for the Plaintiffs, Melvin J. Buckland and Linda Buckland, and against Anthony Del Spina and Frances Del Spina under Interrogatory No. 1 or Interrogatory No. 2, you will determine from the evidence and award a sum of money that will fairly and reasonably compensate them from the difference between the fair market value of the property with and without the disclosure, not to exceed $123,000.00.

(A) Monetary damages for loss of Plaintiff's [sic] property located at Lot 5 (also knowns as 5e) on Majestic Drive in Pulaski County, Kentucky:  $ 90,000.

**INTERROGATORY NO. 6**

AWARD OF COMPENSATORY DAMAGES

If you found for the Plaintiffs, Melvin J. Buckland and Linda Buckland, and against Anthony Del Spina and Frances Del Spina, agents of Lake Cumberland Resort, Inc., under Interrogatory No. 3 or Interrogatory No. 4, you will determine from the evidence and award a sum of money that will fairly and reasonably compensate them from the difference between the fair market value of the property with and without the disclosure, not to exceed $425,000.00

(A) Monetary damages for loss of Plaintiff's [sic] property located at Lot 6 (also known as 6e) on Majestic Drive in Pulaski County, Kentucky: $ 400,000.

September 27, 2017, Jury Instructions at 5, 6, 9-12.

By a September 29, 2017, Trial Order and Judgment, the circuit court awarded the Bucklands a total of $490,000 in damages against Anthony, Frances, and the Resort, jointly and severally.[4]

Anthony, Frances, and the Resort filed a notice of appeal (Appeal No. 2017-CA-1801-MR) from the September 29, 2017, Trial Order and Judgment. The Bucklands also filed a notice of appeal (Cross-Appeal No. 2017-CA-1888-MR) from the September 29, 2017, Trial Order and Judgment.

---

[4] The jury found in favor of Anthony Del Spina, Frances Del Spina, and Lake Cumberland Resort, Inc., upon the claim of fraudulent misrepresentation. The jury also declined to award any punitive damages against Anthony, Frances, or the Resort.

-9-

Thereafter, on December 8, 2017, Anthony, Frances, and the Resort filed a CR 60.02 motion to vacate the September 29, 2017, Trial Order and Judgment. They specifically argued:

> 3. Interrogatory No. 5 is styled "Award of Compensatory Damages," and states:
>
> > If you found for the Plaintiffs, Melvin J. Buckland and Linda Buckland, and **against Anthony Del Spina and Frances Del Spina** under Interrogatory No. 1 or Interrogatory No. 2, you will determine from the evidence and award a sum of money that will fairly and reasonably compensate them from the difference between the fair market value of the property with and without the disclosure, not to exceed $123,000. [emphasis supplied]
>
> 4. The jury answered the Interrogatory by finding $90,000 in compensatory damages against Mr. and Mrs. Del Spina. This Interrogatory was very clear that it applied ONLY to Mr. and Mrs. Spina individually.
>
> 5. Interrogatory No. 6 is also styled "Award of Compensatory Damages." It states:
>
> If you found for the Plaintiffs, Melvin J. Buckland and Linda Buckland, and against **Anthony Del Spina and Frances Del Spina, agents of Lake Cumberland Resort, Inc.**, under Interrogatory No. 3 or Interrogatory No. 4, you will determine from the evidence and award a sum of money that will fairly and reasonably compensate them from the difference between the fair market value of the property with and without the disclosure, not to exceed $425,000. [emphasis supplied]
>
> 6. The jury answered this Interrogatory by finding $400,000 in compensatory damages. However, this interrogatory is equally clear that its finding is ONLY

-10-

against Mr. and Mrs. Del Spina as agents of Lake Cumberland Resort, Inc. Under Kentucky law, a claim against a person in the capacity of agent is a claim against the principal, not the agent. *Spees v. Kentucky Legal Aid*, 274 S.W.3d 447, 448 (Ky. 2009). . . .

. . . .

9. Here, all acts that the Del Spinas took as agents for the Resort, including binding it to the contract to sell Tract 6 to the Plaintiffs, were entirely authorized, and meant to bind the Resort, not the Del Spinas individually. The Del Spinas sold Tract 5 to the Plaintiffs directly, and are obviously bound by the Contract. However, the Resort sold them Tract 6, and therefore is the only entity liable for the alleged breach of that contract, or for damages for fraud in the inducement of it. The Plaintiffs' true claim, if they have one, is against the Resort, not the Del Spinas individually, as to Tract 6, purchased from the Resort, NOT from the Del Spinas. This is reflected in the damage interrogatories . . . .

10. Because the final judgment entered by the Court is not in conformity with the verdict entered by the jury, or the prayer for relief in the Complaint, this Court should relieve the Del Spinas from such portion of the judgment as adjudges them jointly and severally liable with the Resort for claims made against the Resort[.]

Motion to Vacate at 2-4.

By order entered January 19, 2018, the circuit court granted the CR 60.02 motion. The court reasoned:

8. The Del Spinas and the Resort have moved that this Court grant them relief from the final judgment herein on the ground that the judgment is not in conformity with the jury verdict entered at trial or with the prayer for relief in the Complaint because it awards

-11-

all damages jointly and severally against the individual defendants, Mr. and Mrs. Del Spina, and the corporation, the Resort.

9.      This case was tried to a jury, which entered a verdict consisting of the jurors' answers to specific interrogatories.  Interrogatories No. 1-4 asked the jury whether it would "find for the Plaintiffs, Melvin J. Buckland and Linda Buckland," on each issue concerning each tract of property at issue in the case.  However, none of these Interrogatories specify against which Defendant the finding is to be made.  The specific interrogatories addressed to the amount of damages to be awarded do specify the party against whom the finding is made.

10.      Interrogatory No. 5 is styled "Award of Compensatory Damages," and states:

> If you found for the Plaintiffs, Melvin J. Buckland and Linda Buckland and **against Anthony Del Spina and Frances Del Spina** under Interrogatory No. 1 or Interrogatory No. 2, you will determine from the evidence and award a sum of money that will fairly and reasonably compensate them from the difference between the fair market value of the property with and without the disclosure, not to exceed $123,000.  [emphasis supplied]

11.      The jury answered the Interrogatory by finding $90,000 in compensatory damages against Mr. and Mrs. Del Spina.  This Interrogatory was very clear that it applied ONLY to Mr. and Mrs. Del Spina individually.

12.      Interrogatory No. 6 is also styled "Award of Compensatory Damages."  It states:

> If you found for the Plaintiffs, Melvin J. Buckland and Linda Buckland, and against **Anthony Del**

-12-

**Spina and Frances Del Spina, agents of Lake Cumberland Resort, Inc**., under Interrogatory No. 3 or Interrogatory No. 4, you will determine from the evidence and award a sum of money that will fairly and reasonably compensate them from the difference between the fair market value of the property with and without the disclosure, not to exceed $425,000. [emphasis supplied]

13. The jury answered this interrogatory by finding $400,000 in compensatory damages. However, this interrogatory is equally clear that its finding is ONLY against Mr. and Mrs. Del Spina as agents of Lake Cumberland Resort, Inc. This Court holds that the instruction does not authorize individual liability against Mr. and Mrs. Del Spina, because they acted solely on behalf of the corporation, and the jury was not asked to determine whether they had committed any act which would subject them to individual liability.

. . . .

15. All acts that the Del Spinas took as agents for the Resort, including binding it to the contract to sell Tract 6 to the Plaintiffs, were entirely authorized, and meant to bind the Resort, not the Del Spinas individually. The Del Spinas sold Tract 5 to the Plaintiffs directly, and are obviously bound by that Contract. However, the Resort sold them Tract 6, and therefore is the only entity liable for the alleged breach of that contract, or for damages for fraud in the inducement of it.

16. The September 29, 2017, Judgment is defective in that it is not in conformity with the jury's verdict. This constitutes a mistake, correctable under subsection (a) of the Rule, or it constitutes an extraordinary reason for relieving the Defendants of the judgment under subsection (f). Therefore, the Court hereby relieves the Del Spinas and the Resort from the September 29, 2017, judgment to the extent that it awards

the Bucklands damages against all defendants jointly and severally, and hereby AMENDS the paragraph on p. 7 of the Final Judgment that pronounces the judgment of the Court to provide:

> Pursuant to the jury's verdict, and the Orders of this Court concerning the Defendant's Counterclaim, Plaintiffs Melvin J. Buckland and Linda Buckland are hereby awarded compensatory damages in the sum of $90,000 against Anthony Del Spina and Frances Del Spina individually. Plaintiffs Melvin J. Buckland and Linda Buckland are further awarded compensatory damages in the sum of $400,000 against Lake Cumberland Resort, Inc., each judgment to bear interest at the judgment rate from September 29, 2017, until paid, plus the Plaintiffs' costs herein.

January 19, 2018, Order at 4-6.

The Bucklands filed a notice of appeal (Appeal No. 2018-CA-0240-MR) from the January 19, 2018, order. As noted, the three appeals were consolidated for review by this Court. Frances passed away during the pendency of the appeals in 2022, and upon motion, this Court substituted Anthony Del Spina, in his capacity as executor of the Estate of Frances Del Spina.

We shall initially address Appeal No. 2017-CA-1801-MR, then Cross-Appeal No. 2017-CA-1888-MR, and finally Appeal No. 2018-CA-0240-MR.

-14-

The Resort and Anthony (collectively referred to as appellants) contend that the circuit court committed reversible error by excluding the testimony of their expert witness, James Westenhoefer. Appellants point out that Westenhoefer is an attorney and a panel trustee for the United States Bankruptcy Court for the Eastern District of Kentucky. Westenhoefer had no involvement in the Bucklands' bankruptcy. Appellants sought to introduce evidence of the Bucklands' bankruptcy proceedings and the discharge of their indebtedness as to Lot 5 and as to their home on Lot 6. Appellants argue that Westenhoefer's testimony was relevant to demonstrate that the Bucklands' debts were discharged; consequently, their actual damages "were for far less than they claimed." October 23, 2020, Appellants' Brief at 16. The trial court concluded that Westenhoefer's testimony was irrelevant and if relevant, its probative value was outweighed by the prejudicial effect of the testimony. Appellants submit the trial court erred as a matter of law in excluding this testimony.

Under Kentucky Rules of Evidence 401, relevant evidence is defined as:

> [E]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

-15-

In this case, the Bucklands claimed that appellants committed fraud in connection to the sale of Lot 5 and Lot 6. The jury was specifically instructed upon the claims of fraudulent misrepresentation and fraud by omission. As to damages, the jury was instructed to determine the fair market value of the property with and without the disclosure of material facts regarding the condition of the lots.[5]

We agree that Westenhoefer's testimony concerning the Bucklands' discharge of their indebtedness in bankruptcy upon Lot 5 and Lot 6 has no relevance to the fair market value of either lot. The bankruptcy schedules filed in the Florida bankruptcy court reflect that lien claims encumbered both lots totaling $551,000.[6] The lien claims survived the bankruptcy, and the trustee assigned to the case in Florida abandoned the property, finding it burdensome to the bankruptcy estate. Accordingly, there was no probative value in Westenhoefer's testimony as an expert witness since the Florida trustee had also abandoned the lawsuit to the Bucklands pursuant to 11 United States Code § 554(c). *See Tuttle v. Perry*, 82 S.W.3d 920, 922 (Ky. 2002). As set forth in the jury instructions, the measure of

---

[5] Anthony Del Spina, Frances Del Spina, and Lake Cumberland Resort, Inc., have not raised any contentions of error related to the jury instructions.

[6] We take judicial notice of the bankruptcy petition and schedules filed in Case No. 9:12-bk-04228-BSS in the United States Bankruptcy Court for the Middle District of Florida. *See Doe v. Golden & Walters, PLLC*, 173 S.W.3d 260, 264-65 (Ky. App. 2005).

-16-

damages was the fair market value of the properties with and without disclosure by appellants. Therefore, we conclude that the circuit court did not abuse its discretion by excluding Westenhoefer's testimony. *See Porter v. Allen*, 611 S.W.3d 290, 294 (Ky. App. 2020).

Appellants next assert that the circuit court committed reversible error by admitting certain testimony from the Bucklands' expert witnesses, Samuel Ford and Chuck Walton. Appellants argue that Ford and Walton improperly testified that a seller of real property possessed a duty to disclose latent defects. Appellants maintain that a witness's testimony regarding a legal standard is improper. Moreover, appellants state that neither Ford's testimony nor Walton's testimony "included the requirement that a buyer exercise reasonable care in the examination and purchase of real estate." October 23, 2020, Appellant's Brief at 20.

As an appellate court, we must initially determine whether the circuit court abused its discretion in admitting or excluding the evidence. *Porter*, 611 S.W.3d at 294. If error was committed, it must then be determined whether the error was reversible – *i.e.*, whether a reasonable possibility exists that the jury verdict would have been different absent the error. *Id.* Our review proceeds accordingly.

The law is well settled that a seller of real property must disclose latent defects known by the seller and unknown to the buyer:

-17-

In the sale of real estate the intentional suppression of facts known to the seller and unknown to the purchaser is ground for an action for deceit if the purchaser was damaged by reason of the fraudulent concealment. Where there is a latent defect known to the seller and he remains silent with the knowledge that the buyer is acting on the assumption that no defect exists, the buyer has a cause of action against the seller for an intentional omission to disclose such latent defect.

*Waldridge v. Homeservices of Ky. Inc.*, 384 S.W.3d 165, 171 (Ky. App. 2011) (quoting *Bryant v. Troutman*, 287 S.W.2d 918, 920-21 (Ky. 1956)). So, the testimony of Ford and Walton substantially adhered to the law upon latent defects in real property. Moreover, even if the circuit court erroneously admitted Ford's and Walton's testimony concerning disclosure of latent defects, we cannot conclude that such constituted reversible error.

There was substantial and compelling evidence introduced at trial that appellants failed to disclose a latent defect to the Bucklands. It was uncontroverted that appellants knew Lots 5 and 6 were subject to landslides because of the Pennington shale rock formation beneath the land. Melvin Buckland testified that appellants never disclosed to him the risk of landslides on the lots. There was also testimony from a former landowner in the Resort who testified that Anthony told him that Lot 6 could not be built upon because it was unstable. Considering the whole, we simply cannot conclude that absent the objectionable portions of Ford's

and Walton's testimony, a reasonable possibility exists that the jury's verdict would have been different. *See Porter*, 611 S.W.3d at 294.

We view any remaining contentions of error by appellants as moot or without merit.

CROSS-APPEAL NO. 2017-CA-1888-MR

The Bucklands argue that the circuit court erred by denying their motion for a summary judgment and their motion for directed verdict upon fraud. The Bucklands maintain it was undisputed that appellants sold them Lots 5 and 6 with the knowledge that the lots were prone to landslides and failed to disclose such latent defect to the Bucklands.

As the jury found in favor of the Bucklands upon their claim of fraud by omission, we believe these arguments are moot.

APPEAL NO. 2018-CA-0240-MR

The Bucklands maintain that the circuit court erroneously granted appellants' CR 60.02 motion in its order entered January 19, 2018. The Bucklands argue that the circuit court improperly concluded that the September 29, 2017, Trial Order and Judgment had incorrectly recited that Anthony and Frances were liable for $400,000 in damages awarded to the Bucklands based upon fraud in connection with the sale of Lot 6. The Bucklands contend that Anthony and

Frances are liable for their own fraudulent conduct in relation to the sale of Lot 6, and the circuit court erred by concluding otherwise.

Under the jury instructions for fraud in the omission as to the sale of Lot 6, the circuit court viewed as pivotal the language "Plaintiffs, Melvin J. Buckland and Linda Buckland, and against Anthony Del Spina and Frances Del Spina, agents of Lake Cumberland Resort, Inc." The circuit court believed that these instructions only permitted damages against Anthony and Frances as agents for the Resort and not personally. The circuit court also concluded that Anthony and Frances were shielded from tort liability because their actions were authorized for and on behalf of the Resort.

In Kentucky, it is generally acknowledged that an officer or agent of a corporation is not personally liable for his or her actions on behalf of the corporation. *Young v. Vista Homes, Inc.*, 243 S.W.3d 352, 363 (Ky. App. 2007). However, an exception to this general rule exists. Thereunder, a corporate officer or agent "is personally liable for a tort committed by him although he was acting for the corporation." *Henkin, Inc. v. Berea Bank & Trust Co.*, 566 S.W.2d 420, 425 (Ky. App. 1978); *Young*, 243 S.W.3d at 363; 19 C.J.S. *Corporations* § 632 (2023).

In this case, the jury found that Anthony and Frances, while acting as agents for the Resort, failed to disclose a material fact concerning Lot 6 and

-20-

committed the tort of fraud by omission. Although Anthony and Frances were agents and acting on behalf of the Resort when they committed the fraud, they are, nonetheless, personally liable and responsible for damages stemming from their fraudulent actions in relation to the sale of Lot 6. *See Young*, 243 S.W.3d at 364; *Henkin*, 566 S.W.2d at 425. Accordingly, we are of the opinion that the circuit court improperly granted Anthony, Frances, and the Resort's CR 60.02 motion and reverse same.

For the foregoing reasons, we affirm Appeal No. 2017-CA-1801-MR and Cross Appeal No. 2017-CA-1888-MR and reverse and remand Appeal No. 2018-CA-0240-MR with directions that the circuit court reinstate the $490,000 judgment against Anthony, the Estate, and the Resort, jointly and severally.

ALL CONCUR.

| BRIEFS FOR APPELLANTS/CROSS-APPELLEES, LAKE CUMBERLAND RESORT, INC.; FRANCES DEL SPINA; ANTHONY DEL SPINA; AND ANTHONY DEL SPINA, IN HIS CAPACITY AS EXECUTOR OF THE ESTATE OF FRANCES DEL SPINA: | BRIEFS FOR APPELLEES/CROSS-APPELLANTS: |
| --- | --- |
| | Heidi Weatherly |
| | Mt. Vernon, Kentucky |
| D. Bruce Orwin | |
| Somerset, Kentucky | |